(February 28, 1901.)

## GRAY v. PIERSON.

[64 Pac. 233.]

BILL OF EXCEPTIONS—CONTENTS.—It is not reversible error if the bill of exceptions contains questions and answers.

SETTLEMENT OF BILL OF EXCEPTIONS.—If the trial court found the bill of exceptions sufficient, and acted upon it, it is not for this court to say there was error.

SAME—DISCRETION OF COURT.—It was within the discretion of the trial court to say the bill of exceptions was sufficient to control its action in granting or refusing a new trial.

NEW TRIAL—WHEN SHOULD BE GRANTED.—An order granting a new trial will be affirmed upon appeal, when the record shows errors warranting a new trial, whether such order sets forth the grounds or not.

ACTION ON PROMISSORY NOTE—STATUTE OF LIMITATIONS—PAYMENT BY CHECK.—Payment of a promissory note to remove the bar of the statute of limitations must be evidenced by a writing, a voluntary payment by the payee, and for the purpose of applying the payment on the note.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

T. L. Glenn and John A. Bagley, for Appellant.

Newly discovered evidence: The affidavits must state facts showing due diligence and why the evidence was not discovered. (*People v. Ah Fan*, 53 Cal. 741; *State v. Davis*, 6 Idaho, 159, 53 Pac. 678; *Russel v. Dennison*, 46 Cal. 337; *People v. Miller*, 33 Cal. 99; *Arnald v. Skaggs*, 35 Cal. 386; *Stoakes v. Monroe*, 36 Cal. 383.) Insufficiency of the evidence to justify the verdict: In the motion the defendant does not attempt to specify the grounds of insufficiency. (*McCormick v. Brown*, 36 Cal. 180, 95 Am. Dec. 170; *Kelly v. Leachman*, 3 Idaho, 629, 33 Pac. 44.) The statute of limitations is a personal privilege which goes to the remedy and not to the right. The defendant may waive it. (*McCormick v. Brown*, 36 Cal. 180, 95 Am. Dec. 170; *Kelly v. Leachman*, 3 Idaho, 629, 33 Pac. 44; *Kroft v. Grealhouse*, 1 Idaho, 254; *Frantz v. Artesian Well Co.*, 5

Idaho, 71, 46 Pac. 1026; *Campbell v. Holt,* 115 U. S. 620, 6 Sup. Ct. Rep. 209; *Miner v. Lorman,* 56 Mich. 212, 22 N. W. 265.) Part payment operates as a voluntary waiver of the protection afforded by the statute. (13 Am. & Ency. of Law, 1st ed. pp. 704, 750; *Barclay's Appeal,* 64 Pa. St. 69; *Haven v. Hathway,* 20 Me. 345; *Wyatt v. Hodson,* 1 Moore & S. 442, 447.) The payment only need be evidenced by a writing; the identity of the debt upon which it is to be applied, time of payment, whether upon principal or interest, may all be proved by parol testimony. (*Kelly v. Leachman,* 3 Idaho, 629, 33 Pac. 44; *Kelly v. Leachman,* 3 Idaho, 672, 34 Pac. 813; *Kincaid v. Archibald,* 73 N. Y. 189; *Draper v. Stow,* 20 N. Y. 333, 75 Am. Dec. 408; *Hartley v. Wharton,* 11 Ad. & E. 934; *Manchester v. Braender,* 107 N. Y. 346, 1 Am. St. Rep. 829, 14 N. E. 405; Wood's Limitation of Actions, 247, sec. 115.)

Alfred Budge, for Respondent (Joe Huston, of Counsel).

No authorities cited not cited by appellants.

STOCKSLAGER, J.—This case is here for review on appeal from the district court of Bear Lake county. The record shows that on the second day of February, 1893, the defendants executed and delivered their promissory note to plaintiff, as cashier of the Bank of Montpelier, for the sum of $200, due in three months after its date. The note shows the following indorsements: "Sept. 1, paid $20.00." "Paid on int. $12.00 by Strong, check dated Sept. 21, '97, int. Dec. 14, '97." On the twenty-second day of August, 1899, plaintiff commenced his action in the district court of Bear Lake county against the defendants to recover on this note, and after the usual allegations for recovery in actions of this character, he further alleges that on the twenty-first day of September, 1897, the defendant, E. Strong, made, signed and delivered to the plaintiff his certain check, of which the following is a true and perfect copy, to wit: "Montpelier, Idaho, Sept. 21, 1897. No. 0. Bank of Montpelier: Pay to E. Strong, or bearer, $12 (twelve dollars). Pierson note. Hay baled. E. Strong,"—and ordered and directed that said check

be applied as part payment on said note, which was done by plaintiff in accordance with said direction and instruction; that the defendant E. Strong, by the making of said check and delivering the same to plaintiff, renewed and extended the said note and took the same out of the statute of limitations. Then follows a prayer for judgment. To this complaint the defendant, E. Strong, demurred, alleging that the complaint did not state facts sufficient to constitute a cause of action against the defendant, and that, as appears by said complaint, the said cause of action is barred by the statute of limitations and by section 4052, chapter 3, title 2, of the Revised Statutes of the state of Idaho. This demurrer was overruled by the court, and on the sixteenth day of January, 1900, the defendant answered, admitting the execution of the note, but alleging that he signed the same as surety and as an accommodation to James H. Pierson, and that he received no part of the consideration of the giving of said note; denying that said note, or any portion thereof is now due and owing; denying that this defendant on the 21st of September, 1897, or at all, made payment of twelve dollars, or any other sum, upon said note; denying that he ever made any payment on said note, and alleging that said note is barred by the statute of limitations, and is barred by section 4052, chapter 3, title 2, of the Revised Statutes of Idaho; denying that on the twenty-first day of September, 1897, or at any other time, or at all, defendants made, signed, and delivered to the plaintiff the check set out in plaintiff's complaint, and ordered and directed that said check be applied as part payment on said note, which was done by plaintiff in accordance with said directions and instructions, or any directions or instructions; denying that the defendant, E. Strong, by the making of said check, or any check, and delivering the same to the plaintiff renewed and extended the said note and took the same out of the statute of limitations; alleging that on the twenty-first day of September, 1897, he was indebted to James H. Pierson in the sum of twelve dollars for baling hay, and that said Pierson requested said defendant to leave the same at the Bank of Montpelier, Montpelier, Idaho, for him, that defendant drew a check to his own order for the sum of twelve dollars and left the same

at said bank, that in so doing he was acting as the agent of the said James H. Pierson, and that said check was the property of the said James H. Pierson, and given in payment of the debt due Pierson for baling hay. Upon the issues thus framed this cause was tried by the court with a jury, and on the twenty-fourth day of January, 1900, the verdict of the jury was rendered in favor of the plaintiff and against the defendants. On the 25th of January, 1900, a judgment for $446.22, and fifteen dollars and twenty cents costs, was filed with the clerk, and on the fifth day of February counsel for defendant Strong was notified in writing of said judgment. Thereafter a motion was duly made and entered of record asking the court to vacate and set aside the judgment and grant a new trial, and on the 29th of December, 1900, the court made and filed the following order: "The motion of E. Strong, defendant, to set aside the verdict of the jury and the judgment rendered against him by the court, heretofore entered herein, and to grant a new trial in said cause, came on regularly to be heard before the judge of said court in chambers on the twenty-fourth day of December, 1900. Upon the bill of exceptions and affidavits filed herein, the motion having been submitted upon written arguments and briefs, the judge, being fully advised in the premises, finds that the said verdict and judgment are not sustained by the evidence, and are contrary to the law and the evidence, and that errors of law occurred at the trial of said cause. Therefore, it is ordered by the judge of said court that the verdict of the jury, and the judgment of the court heretofore rendered and entered in said cause, be, and the same is hereby, set aside, and a new trial granted herein. Dated Dec. 27, 1900. Joseph C. Rich, District Judge. Filed Dec. 29, 1900." It is from this order the appeal is taken.

The first assignment of error "is the settlement of defendant's bill of exceptions in the form it is in." The second: "Aside from the merits of the case, the court erred in granting a new trial upon the record as it stands, and requiring the plaintiff to bring this record here, in the shape it is in, over the objection of the plaintiff, and contrary to the rules of this court: (a) The bill of exceptions is not according to the rules

of the supreme court, and is unintelligible, and does not show what errors the defendant E. Strong assigns or relies upon as error; (b) There is no error in the said defendant's assignments of error, and it is impossible to ascertain from said assignments of error what points the defendant relies upon; (c) There is no specification of the insufficiency of the evidence to sustain the verdict that can be considered or understood." These assignments will be considered together, as they are so closely interwoven that the settlement of one in effect settles the other. Counsel for plaintiff brings a record to this court for review, and complains of the record as presented to us, and asks us to say that the trial court erred in not sustaining his objection to the settlement of defendant's proposed bill of exceptions in the trial court, and upon which the order was made granting defendant Strong a new trial. We have carefully inspected the bill of exceptions, and, while it is true that many questions and answers incorporated therein might have been left out, yet, taken as a whole, it is a substantial compliance with the statute. The bill of exceptions plainly shows the evidence offered by plaintiff, objected to by defendant Strong, admitted by the court, and excepted to at the time by counsel for Strong. *State v. O'Donald,* 4 Idaho, 343, 39 Pac. 556, to which our attention is called in support of appellant's contention, has no application to the record before us. In passing upon the record in that case this court said: "No bill of exceptions appears in the record. In fact, there is no record such as is contemplated by the statute. Unless the record shows a substantial compliance with the statutes and rules of this court, it will not be considered. What purports to be the record is merely a copy of the information, a copy of three affidavits by the defendant and one by his wife in support of a motion for a continuance, and the instructions of the court, to which no exceptions were taken, with the verdict and judgment thereon." In the case at bar, instead of counsel for appellant complaining of there not being record enough, he says there is too much; and, as heretofore suggested, we agree with his contention that there is more than necessary, but we think the bill of exceptions plainly and fairly shows the errors relied upon, and

we find no error in the court overruling appellant's objection to the settlement of respondent's bill of exceptions.

The next alleged error is that the court does not say upon what grounds or for what reasons a new trial is granted. In passing upon the motion for a new trial the court says "that the said verdict and judgment are not sustained by the evidence, and are contrary to the law and the evidence, and that errors of law occurred at the trial of said cause." In *Lowe v. Long,* 5 Idaho, 122, 47 Pac. 39, to which our attention is called, this court said. "We are not advised through the record as to what was the ground upon which the motion for a new trial was granted. We must be controlled by the record presented to us, however distasteful it may be to overrule the decision of the lower court in a matter which is of necessity largely one of discretion." The facts in this case are not applicable to the one at bar. In the one under consideration the court gives reasons for granting a new trial, either of which, if well founded, is sufficient to warrant the order, while in *Lowe v. Long* the inference to be drawn from the opinion is that the court granted a new trial without giving any reason therefor, and none appeared in the record. Our attention is also called to *Sweetser v. Mellick,* 5 Idaho, 783, 51 Pac. 985. The syllabus says: "Where the record does not show the grounds upon which a new trial is granted, and no error warranting a new trial is apparent from the record, the order granting a new trial will be reversed"—and cites *Lowe v. Long.* It will be observed in both of these cases that this court said, where the reasons (not the facts) were not given by the trial court and did not appear in the record, the order would be reversed. The court says in the order that the new trial is granted by reason of errors of law during the trial and insufficiency of the evidence to support the judgment. If either of these reasons are apparent of record, it is sufficient to support the order of the court. We see no error in this ruling of the trial court.

The next error alleged by appellant is: "1. The payment of the twelve dollars upon the note by defendant, E. Strong, evidenced by the check, was sufficient and competent evidence of an existing and continuing debt to remove the bar of the stat-

ute of limitations; 2. The memorandum on the check, 'Pierson's note,' identifies the note and debt upon which the amount of the check was to be applied; 3. The identity of the debt upon which the payment is made may be proved by parol testimony; 4. The affidavits of newly discovered evidence are wholly insufficient; 5. Defendant's enumeration of errors are not errors of law; 6. That defendant's pretended specifications of the insufficiency of the evidence are not such specifications as are intended by the statute, and cannot be considered or understood." This brings us to the all-important question in this case: Did the court err in admitting in evidence the check of E. Strong for twelve dollars, which is set out in full in the statement of the facts in this case; and was there error in the instructions given by the court relative to this check? Did the payment of the twelve-dollar check revive the obligation on said note, as contemplated by our statute; and was it the payment of Strong or Pierson? Section 4052 of our statute says: "An action upon any contract, obligation, or liability founded upon an instrument in writing must be commenced within five years." It will be seen that, if the twelve-dollar payment by the check was not Strong's payment on the note, it was barred by the statute of limitations so far as he is concerned, and his plea that the action was barred by the statute of limitations was sufficient to defeat the action as to him. There is no serious conflict in the evidence in this case. Strong admits the execution and delivery of the note at the time it is alleged in plaintiff's complaint; admits the execution and delivery of the check at the time alleged, together with all the indorsements thereon; but denies that it was his payment, or that he authorized appellant to credit the amount of the check on the note as his payment. We find in the transcript that the court asked Mr. Strong while upon the stand the following question: "Did you make this payment for yourself, or Mr. Pierson?" He answered: "I made it for Mr. Pierson. It was just simply a debt." Defendant Pierson testified that Mr. Strong was indebted to him twelve dollars for baling hay, and he told Mr. Strong that he might take this twelve dollars and pay it to Mr. Gray. The record shows that both credits on the note are in the handwriting of Mr. Gray.

The credit was not made upon the note for almost three months after the check was delivered to appellant, and neither appellant nor respondent throw much light on the transaction at the time of the delivery of the check, as neither seems to remember what was said. It occurs to us that a fair deduction of the evidence is that Strong owed Pierson twelve dollars. Pierson authorized him to pay the amount to Gray. Strong did as directed, acting as the agent of Pierson, and thereby paid his debt to Pierson. If the contention of appellant is to be upheld, Strong paid a debt of twelve dollars to Pierson, and also paid twelve dollars to Gray to be credited on the note, thereby paying twenty-four ·dollars' debt with his twelve dollar check. The intention of the parties at the time of the transaction should govern and control the courts, and we cannot believe, from the record and evidence before us, that Mr. Strong had anything in his mind at the time of making and delivering this check save the payment to Pierson of the twelve dollars due him. The rule laid down by this court in *Kelly v. Leachman,* 3 Idaho, 629, 33 Pac. 44, and *Law v. Spence,* 5 Idaho, 244, 48 Pac. 282, does not reach this case. In view of all the facts in this case, and the well-settled rule that the action of the trial courts should never be disturbed, unless the error is plainly apparent, we think the action of the trial court in granting a new trial should be sustained; and it is so ordered, with costs to respondent.

Quarles, C. J., and Sullivan, J., concur.

PETITION FOR REHEARING.

(March 12, 1901.)

SULLIVAN, J.—This is a petition for a rehearing. On an examination of it we do not find anything presented but what was fully considered on the original hearing. We are satisfied that the conclusion reached is correct, and the petition for rehearing is denied.

Quarles, C. J., and Stockslager, J., concur.