(No. 6614. February 23, 1939.)

L. E. GIBBS, Appellant, v. JOHN N. CLAAR, JOHN B. WHITE and C. J. HAHN, Trustees of TWIN FALLS ATHLETIC ASSOCIATION, LIMITED, a Defunct Idaho Corporation, Respondents.

[87 Pac. (2d) 471.]

James R. Bothwell and Harry Povey, for Appellant.

Walters, Parry & Thoman, J. R. Keenan and A. J. Myers, for Respondents.

MORGAN, J.—This appeal, in a sense, is a continuation of *Gibbs v. Claar*, 58 Ida. 510, 75 Pac. (2d) 721, where most of the facts necessary for an understanding of the questions here presented will be found. Both appeals grew out of a proceeding, yet unfinished, in the District Court of the Eleventh Judicial District for Twin Falls County entitled, "In the matter of the liquidation of Twin Falls Athletic Association, Limited, a defunct Idaho corporation." After the former appeal was disposed of notice to creditors of the corporation was given by respondents, as trustees, calling on all persons having claims against it to exhibit them within thirty days after the first publication of the notice. Within the time allowed appellant presented his claim as follows:

"1. Interest on $1,000.00 down payment made March 10, 1937, at six per cent. per annum March 10, 1937, to January 18, 1938........$ 51.34

"2. Interest on $3,000.00 at six per cent. per annum for a period of five months between March 10, 1937, and January 18, 1938, impounded to comply with contract of purchase 75.00

"3. Attorney fee in the district court............ 100.00

"4. Clerk's fees on appeal...................... 15.70

"5. Reporter's fees ........................... 3.00

"6. Costs taxed on appeal for printing respondent's brief ............................. 40.00

"7. Printing brief on appeal.................... 61.50

"8. Attorney fee on appeal..................... 125.00

"9. Travelling expenses of counsel from Twin Falls to Boise to argue case on appeal...... 18.40

Total................................$489.94''

The claim includes items for interest on moneys used and impounded by appellant to pay for lands contracted to be sold to him by respondents, as trustees of the defunct corporation, pursuant to a sale thereof, made subject to confirmation by the court and which was not confirmed for reasons fully appearing in our opinion in the former appeal. The trustees disallowed the claim and the judge of the district court, after a hearing thereon, made and entered an order rejecting and disallowing it. The case is here on appeal from that order.

Respondents insist appellant was never more than an unsuccessful bidder for the property. In this they are in error. Appellant agreed to purchase the property from respondents and they agreed to sell it to him, at a private sale, subject to confirmation. It is true the judge, when he refused to confirm the sale to appellant, ordered a sale of the property on notice, and that the public be invited to bid. It is also true appellant became a bidder at the last-mentioned sale, but he did so without prejudice to his right to have the sale to him, previously made, confirmed, which right he expressly re-

served in making the bid. His claim here under consideration is based, not on his bid made at the public sale, but on his offer, made and accepted at the private sale.

 Respondents also insist the action of the judge denying confirmation of the sale to appellant and ordering that a public sale be made, which was made and confirmed, and our action on the former appeal, constitute *res judicata* of appellant's present claim. They rely on *Village of Heyburn v. Security S. & T. Co.*, 55 Ida. 732, 738, 49 Pac. (2d) 258, 261, wherein we quoted as follows from *Joyce v. Murphy Land etc. Co.*, 35 Ida. 549, 208 Pac. 241:

"We think the correct rule to be that in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit."

 The former phase of this litigation had to do with the confirmation of a sale of real estate, and therein appellant contended his purchase should be confirmed. A claim by him at that time for the recovery of the partial payment he had made, together with interest thereon, and costs and expenses he had been put to in the transaction, would have been entirely inconsistent with his contention that he was entitled to have the sale of land to him confirmed. Furthermore, a considerable part of the costs and expenses, in his attempt to have the sale to him confirmed had not, at that time, been incurred. We approve the rule laid down in *Joyce v. Murphy Land etc. Co.*, above quoted, but it does not apply to the facts presented here. As heretofore pointed out, the liquidation of Twin Falls Athletic Association, Limited, is still pending in the district court. A notice to creditors has now been given and this claim has been presented within the time limited in the notice. It was properly before the district court; there was no occasion to present it prior to the time fixed for presentation of claims against the defunct corporation, and the former proceeding is not *res judicata* of it.

It is said in 35 C. J. 123, sec. 228:

"Where the first sale has been set aside for no fault of the first purchaser, he is entitled to the necessary costs in defending the first sale, including solicitor's fees. On appeal from an order confirming a sale, the costs on rehearing and the expense of appeal may be paid out of the proceeds of a resale, where the order of confirmation was reversed and a resale ordered by the parties having acted in good faith."

In *Horse Springs Cattle Co. v. Schofield*, 9 N. M. 136, 49 Pac. 954, 956, the Supreme Court of New Mexico said:

"A resale should be granted, but out of the purchase money received from the sale the former purchaser, Hayes, shall be repaid the purchase price heretofore paid by him, and interest thereon at 6 per cent. per annum from the 17th day of January, 1896, and also his reasonable costs and expenses of defending the sale heretofore made to him, including his solicitor's fees in this and the court below."

In *In re Receivership of First Trust & Sav. Bank*, 45 Mont. 89, 122 Pac. 561, the thirteenth section of the syllabus is:

"Where the court setting aside a receiver's sale exonerated the purchaser from wrongdoing, the purchaser should be placed *in statu quo*."

In *South Baltimore Brick & Tile Co. v. Kirby*, 89 Md. 52, 42 Atl. 913, the eleventh section of the syllabus is:

"Where, in receivership proceedings in which a sale has been made, all the parties have acted in good faith, but a resale is ordered, costs on hearing of exceptions, and appeal from an order ratifying the sale, will be directed to be paid out of the proceeds of the resale."

In *Builders' Mortg. Co. v. Berkowitz*, 67 Misc. 595, 123 N. Y. Supp. 355, the court quoted from Wiltsie on Mortgage Foreclosure, as follows:

"The former purchaser must be fully and liberally indemnified for all damages, costs, and expenses to which he has been subjected. These include the deposit or percentage advanced by him on the sale, the expense of investigating the title, the costs of the motion for repayment, if he is compelled to make a motion, the interest on his deposit, together with all

the reasonable costs and expenses which he has paid or been subjected to in opposing the application for resale.''

In *Polhemus v. Princilla,* (N. J. Ch.) 61 Atl. 263, the fifth section of the syllabus is:

''Where, on application to open a mortgage foreclosure decree after sale, it appeared that the purchaser resisted, on the ground of defective advertisement, the sheriff's application to compel her to take the deed, and that she had derived no benefit from the property, it having been in litigation ever since she took it, she was entitled on a resale to be fully indemnified, including costs, counsel fees, and legal interest on the amount paid by her.''

In *Duncan v. Dodd,* 2 Paige (N. Y.), 99, the chancellor said, in conditionally ordering a resale of property, which had been purchased for an amount which appeared to be much less than its real value:

''If the defendants were adults, and the property had been sacrificed by their own negligence or inattention, I should not disturb the sale; and now it can only be done on condition that a full indemnity is offered to the former purchaser.''

He further said:

''In that case the master is to pay to the former purchaser, out of the amount of such advance, the interest of his deposit and of the whole purchase money which he has kept on hand, together with all reasonable costs and expenses which he has paid or been subjected to in opposing this application, or in investigating the title.''

Appellant's failure to have the private sale of the property confirmed by the court was due neither to fault nor negligence on his part. It was due to the fact that, at the time the sale to him was reported to the court for confirmation, offers were made for the property in excess of the purchase price agreed on between him and respondents. In an effort to procure more money for the stockholders of the defunct corporation the judge refused to confirm the sale to appellant and ordered a resale.

Appellant employed counsel, and thereby incurred expense, in his effort to defend the sale to him and, although

he was unsuccessful, he was within his rights in doing so. An appeal was justified. Grave questions existed as to the right to have the property resold. Although the action of the judge, ordering the resale, was upheld no distinction is apparent between appellant's right to recover his attorney fee, costs and expenses on appeal and his right to recover for like expenditures in defending the sale in the district court. The right to appeal from the judgments and orders of a district court is as substantial, and as sacred to a litigant, as is the right to approach that tribunal in the first instance. Where, in a case of this kind, reasonable and probable cause existed for appeal, and it has been taken in good faith by the purchaser at the first sale, he should be reimbursed out of the proceeds of the resale for his reasonable and necessary expenses in prosecuting it. Our holding in this case is predicated wholly upon its peculiar facts, dealing as it does with the liquidation of the estate and property of a defunct corporation.

It was the duty of the district judge to protect the stockholders of the defunct corporation by ordering a resale of the property. It was also his duty to protect appellant who had purchased the property, in good faith, and who was without fault. Interest on the portion of the purchase price paid, at the rate of six per cent per annum, from the time it was paid until it was returned to appellant should be allowed. Interest at the same rate should be allowed on the portion of the purchase price impounded by appellant, during the time he necessarily impounded it for the purpose of completing the purchase. Reasonable counsel fees, for services in the district court and on appeal to the supreme court, should be allowed appellant, as should also fees, costs and expenses necessarily paid by him, or for which he has rendered himself liable, in perfecting his appeal and presenting it to the supreme court. Claim is made for an item of $40 "costs taxed on appeal for printing respondents' brief." While costs were allowed respondents, against appellant, on the former appeal, it does not appear they have been paid. The judgment for

costs should be cancelled, if it has not been paid and, if it has been paid, appellant is entitled to be reimbursed in that amount.

The order appealed from is reversed and the cause is remanded to the district court with direction that further proceedings be taken in accordance with the views herein expressed. Costs are awarded to appellant.

Ailshie, C. J., and Budge, Givens and Holden, JJ., concur.