**NEWS, Inc., et al. v. BUESCHER et al.**

**No. 48 C 1305.**

United States District Court
N. D. Illinois, E. D.
Jan. 26, 1949.

Campbell, Clithero & Fischer, of Chicago, Ill. for plaintiffs.

Turner, Hunt & De Bolt, of Chicago, Ill., for defendants.

CAMPBELL, District Judge.

Plaintiffs brought this action seeking to recover damages on the ground that defendants wrongfully destroyed plaintiffs' existing and prospective business. Paragraph IV of the complaint alleges that defendants induced an employee of plaintiffs, one John Collier, to conspire with defendants to destroy the business and breach his duty of good faith to plaintiffs. Paragraph V alleges an actual conspiracy between the defendants and said employee. Paragraph VII sets forth other inducements and misrepresentations by defendants.

Defendants promptly moved to dismiss the complaint on the following grounds: (a) Lack of jurisdictional amount; (b) Failure to state a claim upon which relief can be granted, i.e., the allegations are merely the conclusions of the pleader and do not constitute ultimate facts; (c) Failure to join a necessary or indispensable party, i.e., the employee, John Collier; (d) An action is pending in an Indiana state

court wherein the present defendants are suing plaintiffs on notes executed by the latter, and that the basis for the present action would be a matter of defense or counterclaim in that court. Or, in the alternative, the action could be removed to a Federal Court by the present plaintiff.

 In a tort action, where the damages are unliquidated, it is almost impossible to hold that there is a lack of jurisdictional amount. For all intents and purposes, the amount in question is what the plaintiff seeks as damages. "The rule in determining whether an action should be dismissed for want of jurisdictional amount is that the sum claimed by plaintiff controls if the claim is made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Shanesy v. Ford Motor Co., D.C., 7 F.R.D. 199, 200.

In the present action the claim appears to be made in good faith, and there are no means at the Court's disposal for determining, to a legal certainty, that the claim is for less than the required amount.

The second contention of defendants, asserted as a ground for dismissal, is similarly untenable. The Court is of the opinion that the complaint sets forth sufficient facts to describe the line of conduct which caused the damage to plaintiffs' business. Of its nature, an ultimate fact is a nebulous thing which defies accurate definition. The instant complaint alleges that defendants attempted to induce Collier to conspire with them to destroy plaintiffs' business and to breach his covenant of good faith; that defendants conspired with Collier to destroy the business; certain acts or methods by which Collier accomplished this purpose; and certain allegedly fraudulent acts of defendants committed in furtherance of the conspiracy. All these acts are merely links in the chain, and constitute, in the aggregate, the wrong for which damages are sought. Certainly, the defendants have been apprised of the charge which they have been called upon to answer. The complaint is not fatally defective, and if any particular information is required to enable them to answer or plead otherwise, it can be obtained.

Collier, as a co-conspirator, is not a necessary or indispensable party to this action. In the first place, the nature of the liability of a conspirator is not such that his joinder is required; and secondly, the complaint is directed to a whole line of conduct, of which the alleged conspiracy is merely a part. "Furthermore, the parties to a conspiracy are each jointly and severally liable for any resulting damage." Keefe v. Derounian, D.C., 6 F.R.D. 11, 12.

Further, the pending action in the Indiana state court will not bar the present action. That is a suit on certain promissory notes issued by the present plaintiffs to the defendants. The fact that these plaintiffs may assert the facts set forth in the complaint here as a defense or counterclaim in that suit, does not destroy the present right of action, where no such counterclaim has been filed. Nor is it apparent what effect removal of the cause to the Federal Courts would have on the present action.

Defendants' motion to dismiss the complaint is, therefore, denied, but without prejudice to the right to assert the same grounds in support of a motion for a directed verdict at the end of plaintiffs' case.