SLIM OLSON, Inc. v. WINEGAR.

No. 7801.   Decided June 27, 1952.   (246 P. 2d 608.)

33333333333333

See 25 C. J. S., Damages, sec. 50. Ratification of contract negotiated by agent. 2 Am. Jur., Agency, sec. 232. 48 A. L. R. 917, 926.

*McKay, Burton, McMillan & Richards, John W. Boud, Paul E. Reimann,* Salt Lake City, for appellant.

*Ira A. Huggins,* Ogden, *Grant C. Aadneson,* Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment for plaintiff in a case tried to the court, for the price of gas, oil and supplies on open account. Affirmed, except for $11.06, which is ordered deducted from the judgment, each party to bear its own costs on appeal.

Defendant Winegar admitted his indebtedness as to, and an account which extended over a 4½-month period, evi-

denced by some 500 signed sales slips, one of which we reproduce:

WORLD'S LARGEST SERVICE STATION

# SLIM OLSON, INC.

P. O. BOX 491
BOUNTIFUL, UTAH

36293

2 - 20 - 5 1 19____

SOLD TO _Intermountain Oil Dist.____

ADDRESS____

| DESCRIPTION | GALS. | PRICE | AMOUNT | |
|---|---|---|---|---|
| "PEP" GASOLINE | | | | |
| ETHYL GASOLINE | 15 | 26 | 3 | 90 |
| DIESEL FUEL | | / | | |
| | | | | |
| TOTAL | | | | |

Received from SLIM OLSON, INC., the above described merchandise. The undersigned agrees to pay all costs, including reasonable attorney's fees, if this account is referred to an attorney for collection.

_Winegar_

PURCHASER

MOORE BUSINESS FORMS, INC., P.M.B. DIV., SALT LAKE CITY, UTAH

Defendant assails the judgment (1) awarding attorney's fees and (2) refusing to recognize under Rule 13(a), U. R. C. P.,[1] the open account as a compulsory counter-claim that should have been pleaded in a separate action[2] insti-

[1]Rule 13(a), U. R. C. P.: *"Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

[2]*Keith Winegar* v. *Slim Olson, Inc.,* Case No. 7780, now pending in this court on appeal.

tuted by the defendant Winegar against Olson for damages arising out of the alleged negligent installation by the latter of an oil sump in defendant's truck.

Winegar personally signed 47 of the sales slips on the line marked "Purchaser". The remaining slips were signed either there or in the body above the attorney's fee provision, by employees of Winegar authorized to make purchases.

The record is silent as to whether Winegar did or did not assent to the printed terms on the slips, and as to whether he did or did not authorize his employees to bind him to such terms. His counsel ably urged that to conclude that he had given such authority would vest minor employees with contractual authority customarily reserved to executives of a company. Such urging, however, fails to recognize the facts which the record in this case *does* disclose. Here Winegar admitted the purchases and acknowledged his indebtedness therefor. He recognized the authority of his agents to make purchases. He affixed his signature below the printed agreement to pay attorney's fees, as did his agents in most instances, without protest on his part. His silence persisted at the trial where he failed to testify that he had not read the agreement, that he did not intend to be bound by it, that he was confused by its terms, mistaken by its phraseology, or that he had not given or had not intended to give his servants the authority to bind him to its terms.

To conclude that there was no manifestation of assent by defendant to be bound by his own acts or those of his servants in such an atmosphere of non-protestation and non-disclosure, would be to arrogate to this court the privilege of ignoring the record and of supplying defendant and his case with belief and under-

standing undisclosed, quite unsupported by any evidence. We believe and hold that under the facts there was no error in concluding that Winegar, by personal signature accompanied by silence as to his acts and those of his employees, bound himself to pay attorney's fees,—under simple principles of contract[3] and of ratification of agents' acts by failure to speak up.[4] Such being our conclusion, matters of actual or apparent authority need not be canvassed.

Anent defendant's contention that all items of the open account should have been pleaded as a compulsory counterclaim under Rule 13(a) in defendant's negligence suit against Olson, it is obvious that the $11.06 charged for parts used in installing the oil sump is the only item that arose "out of the transaction or occurrence" the subject matter of defendant's negligence claim against Olson. The latter having failed to plead the item as a counterclaim in such action is precluded from including it here, or in any other action, as is held by the authorities interpreting the rule.[5]

WOLFE, C. J., and WADE, McDONOUGH and CROCKETT, JJ., concur.

---

[3] 1 Williston Contracts, Rev. ed., Sec. 90A (p. 257) et seq.; Contracts, Restatement, Sec. 70.

[4] Agency Restatement, Sec. 94. p. 234: "An affirmance of an unauthorized transaction may be inferred from a failure to repudiate it." *Moses* v. *Archie McFarland & Son,* 119 Utah 602, 230 P. 2d 571.

[5] *Ake* v. *Chancey,* 5 Cir., 149 F. 2d 310; *Pennsylvania R. Co.* v. *Musante-Phillips, Inc.,* D. C., 42 F. Supp. 340; 1 Barron & Holtzoff, Fed. Prac. and Procedure, Sec. 394.