304 P.2d 646

M. W. CROUCH, as Guardian of the Estate of Wm. L. Geyer, Incompetent, Plaintiff-Appellant,

v.

Katie F. BISCHOFF, Administratrix of the Estate of William A. Bischoff, Deceased, Defendant-Respondent.

No. 8368.

Supreme Court of Idaho.

Dec. 4, 1956.

Nielson & Nielson, Burley, for appellant.

Herman E. Bedke, Burley, for respondent.

SMITH, Justice.

October 14, 1953, appellant (plaintiff) brought this action to recover rentals, less certain offsets, in the sum of $1,900.91 allegedly owing by respondent (defendant) for the years 1950, 1951 and 1952, pursuant to the terms of a certain written lease of farm property made and entered into January 9, 1948.

The same parties here were involved in a previous action, District Court Case No. 5727 commenced April 22, 1953, wherein the same plaintiff as appellant here quieted title to the leased farm property against the same defendant as respondent here. Defendant, in Case No. 5727, in a cross complaint alleged that she and her husband had purchased the farm property from Wm. L.

Geyer under a verbal contract of sale; and, she alleged payments made on the purchase price in language as follows:

"That said Wm. A. Bischoff and Katie F. Bischoff, one of the cross complainants, made payments to Wm. L. Geyer through Mack W. Crouch, agent for said W. L. Geyer, on the above mentioned purchase price from the proceeds of the crops during the cropping seasons of the years 1949, 1950, 1951 and 1952, in the aggregate sum of $5,-000.00 together with interest on the remaining balance."

That case was tried before the Hon. R. W. Beckwith, the same district judge as in the present case, who made a finding of fact as follows:

"7. * * * That during the years 1948 to and including 1952, William A. Bischoff paid rental under the terms of the lease, * * * by delivering to said agent the portion of all the crops raised on said lands required under the provisions of said lease. That the said M. W. Crouch never sold, or entered into a contract to sell, said above described lands as the agent of Wm. L. Geyer, to William A. Bischoff or Katie A. Bischoff."

The trial court rendered judgment accordingly, quieting title to the farm property in Wm. L. Geyer, from which judgment defendant appealed.

The pending action, commenced October 14, 1953, was held in abeyance until said Case No. 5727 was finally decided by the Supreme Court, February 28, 1955, reported in 76 Idaho 216, 280 P.2d 419.

Respondent thereupon, May 11, 1955, filed in the pending action her "second amended and supplemental answer and counterclaim." Respondent, by way of affirmative defense, alleged that the claim upon which appellant, plaintiff below, sought recovery, was and is res judicata by reason of the judgment entered in Case No. 5727, affirmed by the Supreme Court. Respondent by way of a cross complaint, designated "counterclaim", sought recovery from appellant of sums for services rendered and supplies furnished, governed by the farm lease and thereby bearing upon the crop rentals, for the years 1950–1952. Respondent also sought recovery of moneys allegedly owing on account of the 1953 farm operations and prayed for an accounting of such operations for that year.

Respondent sought further recovery but has not assigned error of the trial court in denying the same.

May 23, 1955, appellant, plaintiff below, moved to strike from defendant's answer her affirmative defense of res judicata. June 13, 1955, appellant further moved to strike the defendant's so called "counterclaim" on the ground that all matters upon which it was founded were res judicata by

reason of the judgment in the former action, Case No. 5727, affirmed by the Supreme Court, and set forth:

"This motion is based upon the files and records in the above entitled action and also in the above mentioned action in which judgment was affirmed by the Supreme Court."

June 13, 1955, the district court denied appellant's motions to strike.

The argument of the pending case developed that at the time appellant's two motions to strike were presented to the court below, appellant placed before the trial court all the files and records of the first case, No. 5727, which the court used in the disposition of said motions.

During the trial of the pending case, when appellant offered evidence relating to the rentals alleged as owing for the years 1950–1952, respondent objected to the admissibility thereof on the ground that the question had become res judicata. The court thereupon referred to respondent's defense of res judicata grounded upon Case No. 5727, *and thereupon read* the pertinent portion of finding of fact No. 7, in Case No. 5727, as follows:

"During the years 1948 to and including 1952, William A. Bischoff paid rental under the terms of the lease, Exhibit C, by delivering to said agent a portion of all crops raised on said lands required under the provisions of said lease."

The trial court then ruled:

"I think it was determined and decided in the former case and from the portion of the finding *I have just read.*" (Emphasis supplied.)

Appellant then made a tender of proof of rentals for the years 1950, 1951 and 1952, to which respondent again objected on the ground of res judicata, and the trial court again sustained the objection. The trial court, upon respondent's motion, thereupon dismissed plaintiff's complaint.

Respondent thereupon attempted to submit proof under her cross complaint to show that appellant was indebted to her on account of services rendered and supplies furnished under the farm lease, i. e., matters relating to the crop rentals, for the years 1950, 1951 and 1952. Appellant objected thereto on the ground that those matters had become res judicata and determined in the former case, No. 5727, which objection the trial court sustained.

Respondent then adduced proof of the 1953 farming transactions between the parties pursuant to the farm lease. The trial court thereupon found in favor of respondent in the sum of $220.28 pursuant to an accounting for that year, and entered judgment accordingly. Appellant perfected an appeal from the judgment.

Appellant assigns error of the trial court in ruling that the findings and judgment in the former case, No. 5727, were res judicata of the claims asserted by appellant in his complaint.

Appellant contends that the trial court improperly considered the findings and judgment in the former case, No. 5727, since respondent failed to introduce in evidence, in the pending action, the pertinent records and files of Case No. 5727.

The procedural question presented is: Where both the parties litigant consider that the trial judge has the requisite files, records and other evidence before him, and both proceed upon such premise in the trial, do they waive objection on the ground that the same were not technically offered in evidence?

. The procedural error, if committed, was invited by appellant in the first instance; for he based one of his motions to strike "upon the files and records in the. * * * above mentioned [prior] action in which judgment was affirmed by the Supreme Court;" and he caused the files and records in the former action to be regarded by the trial court in the pending action in the disposition of his motions to strike. Further and particularly, during the trial appellant made objections to respondent's proof relating to crop rents for the years 1950–1952, upon the ground that those questions were res judicata, determined in the former action. Appellant at no time made objection that the files of the former case No. 5727 were not in evidence and before the trial court. If error was committed, then appellant invited the error.

■ Under the circumstances shown, appellant cannot now be heard to complain that the trial court considered the files and records in the former action, No. 5727, or considered that case file as a part of the files in the pending action, in disposition of the question of res judicata. He must be held to have intentionally relinquished and therefore waived his right to make any such objection.

■ A waiver is the intentional relinquishment of a known right. It is a voluntary act and implies election by a party to dispense with something of value or to forego some right or advantage which he might at his option have demanded and insisted upon. Independent Gas & Oil Co. v. T. B. Smith Co., 51 Idaho 710, 10 P.2d 317; Hopkins v. Hemsley, 53 Idaho 120, 22 P.2d 138; Oregon Mortgage Co. v. Renner, 9 Cir., 96 F.2d 429; Bruun v. Hanson, 9 Cir., 103 F.2d 685; 56 Am.Jur., Waiver, sec. 2, p. 102.

The remaining question raised by appellant's assignments is whether the question of rentals for the years 1950–1952 were issues in the former case, No. 5727.

Appellant as plaintiff commenced the former action, Case No. 5727, against respondent as defendant, to quiet Wm. L. Geyer's title to the farm lands leased by respondent. Respondent as defendant in that action, by her answer and cross complaint, put in issue the question of part performance of an alleged verbal contract of purchase by her and her husband of the leased farm property, and prayed for specific performance. Respondent as an essential element of the issue of part performance under such asserted contract, alleged payment on the purchase in the aggregate sum of $5,000 from proceeds of the crops during the years 1949–1952, inclusive. Such allegation placed in issue in the former case the question whether the proceeds of crops were paid as rental or as purchase price. The trial court in determining such issue found (finding No. 7, Case No. 5727) that during the years alleged William A. Bischoff *paid rental* under the terms of the lease by duly delivering to appellant as Wm. L. Geyer's agent the portion of all crops on the leased lands as required under the provisions of the farm lease. The disposition of those issues raised by respondent's (defendant's) cross complaint in the former action were mandatorily required before the trial court could dispose of the question whether appellant, as plaintiff in the former case, was entitled to a decree quieting the title in Wm. L. Geyer to said farm property.

■ It is therefore clearly made to appear that the precise point or question in issue in the second suit was involved and decided in the first suit; also that the two cases fulfill the true test of identity of issues; that therefore the former Case No. 5727 is res judicata as to the issue of the 1950, 1951 and 1952 rentals for said leased farm property. Marshall v. Underwood, 38 Idaho 464, 221 P. 1105; Evans v. Davidson, 57 Idaho 548, 67 P.2d 83; Village of Fairview v. Franklin Maple Creek Pioneer Irr. Co., 59 Idaho 7, 79 P.2d 531; Gibbs v. Claar, 59 Idaho 763, 87 P.2d 471; Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031; 50 C.J.S., Judgments, Res Judicata, § 592 et seq., p. 11.

The judgment of the trial court is affirmed. Costs to respondent.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.