472 P.2d 328

**M. L. JOSEPH, Plaintiff-Respondent,**

v.

**Eugene DARRAR, Defendant-Appellant.**

No. 10572.

Supreme Court of Idaho.

July 20, 1970.

J. H. Felton, Lewiston, for defendant-appellant.

McFadden & Park, St. Maries, for plaintiff-respondent.

McFADDEN, Chief Justice.

This action was instituted by M. L. Joseph, the plaintiff (respondent), against Eugene Darrar, the defendant (appellant), to recover on three accounts assigned to the plaintiff. Defendant denied the allegations of plaintiff's complaint and also interposed the affirmative defenses of res judicata and the statute of limitations. The trial court found against the plaintiff on two of the assigned accounts, but entered judgment in favor of plaintiff on an account assigned to him by Siler Equip-ment Sales, Inc. The trial court also found against the defendant on both of his affirmative defenses and this appeal was taken from that judgment. On appeal the issues before this court deal with the defendant's two affirmative defenses. The facts relevant to the controversy are as follows.

In April 1963 Siler Equipment Sales, Inc., sold certain mill equipment and machinery to the defendant-appellant, Eugene Darrar, on open account, for an agreed sale price of $2,500.00, retaining no security interest in the property. Before making any payments on the purchase price of this machinery, the defendant sold some of it to a Mr. V. L. Johnson. The facts regarding the transaction are in dispute. Earl Siler, who does business as Siler Equipment Sales, Inc., testified that Darrar sold the equipment to Johnson and took Johnson's $900 promissory note, which Darrar then delivered to Siler with instructions to collect payments on the note and apply them to Darrar's open account for the equipment. Siler also stated that this arrangement was made at Darrar's suggestion with the understanding that Siler would accept payments from Johnson on behalf of Darrar for credit to his account.

Darrar, however, gave a different interpretation of the transaction. He testified that he had no account with Siler Equipment Sales, Inc., but rather that Siler had agreed to allow him to sell the equipment for ten per cent commission. He then sold the equipment to Johnson, and Siler agreed to cancel his account and look solely to Johnson for payment. Darrar testified that there was no agreement to credit any payments to his account. He denied ever admitting the existence of the account or instructing anyone to make any payments on his behalf. Siler, however, testified that he never agreed to cancel Darrar's account, but only agreed to accept payment from Johnson on the account.[1]

1. The district court resolved this factual dispute in favor of Joseph. In its finding of fact number two, the court stated " * * * defendant delivered said note to Earl Siler and directed Siler, as agent for defendant, to receive payments on Johnson's said obligation and to pay over any money so received to

On February 1, 1964 Johnson paid $150.00 on the note to Siler, who credited it to Darrar's account. Another payment of $100.00 was made by Johnson on February 1, 1965 and this payment was credited to the account.

On June 21, 1965 Siler Equipment Sales, Inc., assigned the Darrar account to the plaintiff, M. L. Joseph, for valuable consideration. The amount of the account at the time of assignment, as found by the district court in its findings of fact, was $2,250.00. Although other accounts were also assigned to Joseph by others, only the account obtained from Siler Equipment Sales, Inc. is involved here.

There has been other litigation involving these same parties which is of importance in the present case. Darrar held a note and mortgage on real property owned by the plaintiff Joseph. Darrar assigned this mortgage to a Jean Felton who, in 1967, subsequent to the assignment of Darrar's account with Siler Equipment to Joseph, instituted an action in the district court seeking to obtain judgment on the note and to foreclose the mortgage against Joseph's property. Joseph answered the complaint in the mortgage foreclosure case and raised his claim against Darrar on the assigned account as a set-off against Jean Felton. Darrar was later joined as an involuntary plaintiff in the mortgage foreclosure action, but Joseph did not assert the account assigned by Siler Equipment as a counterclaim against Darrar, but merely pleaded it as a set-off against Jean Felton's claim on the mortgage.

Following trial in the mortgage foreclosure case, the district court held that the claim asserted by Joseph could not be used as a set-off against Jean Felton on the mortgage because she was a holder in due course, having taken the mortgage without notice of Joseph's claim against Darrar. The court also held that no judgment could be rendered in favor of Joseph against Darrar on the account because it was not pleaded as a counterclaim against Darrar. Accordingly, the court did not adjudicate the validity of the account, but merely foreclosed the mortgage on the Joseph property.

On January 18, 1969 Joseph then instituted the present action in the district court upon the assigned account which had been raised as a set-off in the earlier action.

Following trial in this action, the district court entered findings of fact and judgment for Joseph, holding that the claim was not barred by res judicata, since it was not adjudicated in the prior action, and that it was not barred by failure to raise it as a counterclaim in the prior action since it was not a compulsory counterclaim under I.R.C.P. 13(a). The court also held that although the original debt with Siler Equipment Sales, Inc., was contracted in 1963 and the complaint was not filed in the present action until 1969, the payments made on the account by Johnson in 1964 and 1965 tolled the running of the statute, and since the complaint was filed within four years of the final payment, the action was not barred by the statute of limitations. The validity of Darrar's two defenses that the claim is barred by res judicata and the statute of limitations is the only issue raised by this appeal.

It is clear from the record in the present case that the validity of respondent's claim against appellant was not adjudicated in the prior case between Felton and Joseph. No judgment was rendered on this claim because the district court held in Felton v. Joseph, and correctly so, that the claim was not pleaded as a counterclaim against

Siler Equipment Sales, Inc., for credit against the defendant's open account with said company described above."
The court also found in finding of fact number four that
"* * * there was no accord and satisfaction between defendant and

Siler Equipment Sales, Inc. with regard to defendant's open account, nor was there any agreement at any time between these parties for the cancellation of defendant's open account balance, wholly or in part."

Darrar. It was pleaded only as a set-off against Felton, and the district court did no more than hold that it could not be asserted against Felton, a holder in due course of the note and mortgage. The court did not make any determination on the validity of the claim as against Darrar, and consequently the judgment in that case is not res judicata on the issue here.

Darrar argues, however, that the prior judgment is res judicata not only as to matters actually litigated and determined, but also as to every matter which might and should have been litigated in the first suit. Joyce v. Murphy Land and Irrig. Co., Ltd., 35 Idaho 549, 208 P. 241 (1922); Gibbs v. Claar, 59 Idaho 763, 87 P.2d 471 (1939). He argues that since the court had before it both parties involved in the present action, the claim asserted here might and should have been raised and litigated in that case and that since it was not, it is now barred by res judicata. It is our opinion, however, that Darrar has misapplied the doctrine of res judicata. Although he has correctly stated the rule as it applies in certain instances, it is not applicable to the litigation of counterclaims. Counterclaims are governed by I.R.C.P. 13(a) and 13(b), which distinguish between compulsory and permissive counterclaims. I.R.C.P. 13(a) deals with compulsory counterclaims and provides that

> "A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third-parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action." (Emphasis added.)

As Barron and Holtzoff state, "The rule is mandatory. It requires that such a counterclaim be. pleaded and adjudicated or else all right of action thereon is foreclosed." 1A Barron & Holtzoff, Federal Practice and Procedure, § 394, p. 565 (Wright ed.). See also New Britain Machine Co. v. Yeo, 358 F.2d 397 (6th Cir. 1966); Slim Olson, Inc. v. Winegar, 122 Utah 80, 246 P.2d 608 (Utah 1952).

I.R.C.P. 13(b), however, deals with permissive counterclaims and states

> "A pleading *may* state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject-matter of the opposing party's claim." (Emphasis added.)

This rule is not mandatory. It is stated in 1A Barron & Holtzoff, Federal Practice and Procedure, § 394, p. 566 (Wright ed.), that

> "A prior judgment, however, is not res judicata as to a permissive counterclaim for damages which might have been but was not asserted in the action in which the judgment was rendered."

See also Switzer Bros. v. Locklin, 207 F.2d 483 (7th Cir. 1953); News, Inc., v. Buescher, 81 F.Supp. 741 (D.C.Ill.1949).

To adopt Darrar's position that any counterclaim which might have been pleaded in a former action, but was not, is barred by res judicata would completely destroy the efficacy of I.R.C.P. 13(b). It is clear that this is not the result under the federal rules, which are the same as I.R.C.P. 13(a) and 13(b).

It is true that a compulsory counterclaim which is not raised in an action cannot subsequently be pleaded in a second action, but it is not entirely clear that even this result can be attributed to the operation of the res judicata principle. See 1A Barron & Holtzoff, Federal Practice and Procedure, § 394.1, pp. 584–589 (Wright ed.). Some courts have said that res judicata bars an independent action on a claim which was the subject of a compulsory counterclaim in an earlier action, whether

the claim was actually raised in the earlier action or not. See Switzer Bros. v. Locklin, supra; Biaett v. Phoenix Title & Trust Co., 70 Ariz. 164, 217 P.2d 923 (1950). Other courts, however, have said the second action is barred on the theory of waiver. See State ex rel. Mack v. Scott, 235 S.W.2d 106 (Mo.App. 1950). Still others have held that res judicata does not apply at all, but rather that the second action is barred solely by the compulsory counterclaim rule itself, "which logically is in the nature of an estoppel arising from the culpable conduct of a litigant in failing to assert a proper counterclaim." House v. Hanson, 245 Minn. 466, 72 N.W.2d 874 (Minn. 1955). See also Wells v. Noey, 399 P.2d 217 (Alaska 1965). Barron & Holtzoff states that "This appears a sound and useful analysis." 1A Barron & Holtzoff, Federal Practice and Procedure, § 394.1, p. 586 (Wright ed.).

It is our opinion that the res judicata principle is inapplicable to the litigation of counterclaims. An action on a claim which was a permissive counterclaim in an earlier action, but which was not raised and litigated in that action, is not barred even though it might have been submitted and litigated in the earlier action. Only actions on claims properly classified in an earlier action as compulsory counterclaims under I.R.C.P. 13(a) are barred by a failure to raise them in the earlier action, and this is a bar arising not from the concept of res judicata, but from I.R.C.P. 13(a) itself. It is then, only compulsory counterclaims which are barred either by a failure to raise them in the earlier action or by a decision on the claim in the earlier action. an action on a claim which was the subject of a permissive counterclaim in an earlier action is not barred by a failure to raise it in the earlier action, but is only barred by a decision on the claim in the prior action. The respondent's claim on the assigned account in the present case clearly was not a compulsory counterclaim in the earlier mortgage foreclosure action. It did not arise out of the

transaction which was the subject matter of Felton's action against Joseph, but was a claim on a debt entirely unrelated to the mortgage and note sued on by Felton. For this reason it was a permissive, rather than a compulsory counterclaim, and therefore its assertion is not barred in this action by I.R.C.P. 13(a).

Secondly Darrar contends that the present action is barred by the statute of limitations since the debt to Siler was contracted in April 1963 and the complaint was not filed in the present case until January 8, 1969. The statute of limitations on oral contracts is four years (I.C. § 5–217). Darrar contends that the present claim is therefore barred. Joseph, however, maintains that the payments made by V. L. Johnson on the Darrar account have the effect of tolling the statute. If this contention is correct, the present action was timely brought since it was filed within four years after the second payment by Johnson on February 1, 1965.

As a preliminary matter, however, Darrar argues that Joseph cannot rely upon these payments in avoidance of the statute of limitations because Joseph did not plead them. Darrar argues that where the original debt is barred by the statute of limitations and reliance is placed upon a new promise or payment, it is necessary to plead the new promise or payment since the action is on the new promise and not on the original debt, citing Weinberger v. Weidman, 130 Cal. 599, 66 P. 869 (1901); Southern Pac. Co. v. Prosser, 122 Cal. 413, 55 P. 145 (1898). Although this might be the law in California, it is not the law in Idaho. This court has consistently held that the statute of limitations does not extinguish the debt, but merely operates to bar the remedy. Once the bar is removed, the action may be brought on the original debt. Kelly v. Leachman, 3 Idaho 629, 33 P. 44 (1893); Moulton v. Williams, 6 Idaho 424, 55 P. 1019 (1899). It was not necessary, therefore, for Joseph to plead the payments by Johnson as the basis of his claim.

Darrar also argues, however, that whenever any facts are relied upon in avoidance of the statute of limitations, these facts must be specially pleaded in the complaint. This is an incorrect statement of the law as it exists in Idaho. Under I. R.C.P. 8(d), "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Since under I.R.C.P. 7(a) no responsive pleading to the defenses raised in the answer is permitted, any such defense raised in the answer is deemed denied or avoided. See 2A Moore's Federal Practice ¶ 8.29, pp. 1875–1876 (2d ed.). Moreover, this court has stated that where the defense of the statute of limitations is interposed by an answer, the defense is deemed denied or avoided by the plaintiff and the defendant is put upon his proof to establish the applicability of the statute. The plaintiff is also permitted to introduce any evidence which might bring him within any of the exceptions to the statute and thus remove the bar. Alspaugh v. Reid, 6 Idaho 223, 55 P. 300 (1898); Chemung Mining Co. v. Hanley, 9 Idaho 786, 77 P. 226 (1904). It was not necessary, therefore, that Joseph plead the payments by Johnson in avoidance of the statute of limitations.

As to the applicability of the defense of the statute of limitations, it is important to note that the district court found, in its findings of fact, that Darrar sold the equipment to Johnson and delivered Johnson's promissory note to Earl Siler and directed Siler to receive payments from Johnson and credit them to Darrar's account. The court also found that Siler never agreed to cancel Darrar's account. These findings are supported by substantial, competent evidence and are therefore binding on this court. Fairchild v. Mathews, 91 Idaho 1, 415 P.2d 43 (1966); Blankenship v. Brookshier, 91 Idaho 317, 420 P.2d 800 (1966).

The question, then, is whether the payments made by Johnson to Siler who was directed by Darrar to receive them and credit them to his account had the effect of tolling the statute of limitations. I.C. § 5–238 provides that any payment of principal or interest on a debt is equivalent to a new promise to pay the residue of the debt and tolls the operation of the statute of limitations. In the present case, although the payment was not made by Darrar who was the debtor, it was made by Johnson who was acting on Darrar's behalf, and was received by Siler who had been expressly instructed by Darrar to receive the payments and apply them on his account. The effect of this arrangement was therefore the same as a direct payment by Darrar to Siler on his account.

A case nearly identical to the case at bar is Dodge v. East, 100 Colo. 36, 64 P.2d 1270 (1937), in which the Colorado Supreme Court stated that

"The findings of the trial court necessarily established that the notes [from third parties] were sent to the defendant in error [creditor] by the plaintiff in error [debtor] and received by the former with the express arrangement and understanding that any proceeds received therefrom were to be credited on the account stated, and that the defendant in error was constituted the agent of the plaintiff in error to make such credit. Where such agency exists and credits from collections are made upon the account by an agent expressly authorized to do this particular thing, the crediting of such payments has the same effect as voluntary payments made by the debtor in interrupting the operation of the statute of limitations." 64 P.2d at 1271.

See also 54 C.J.S. Limitations of Actions § 331, p. 438. See also Gray v. Pierson, 7 Idaho 540, 64 P. 233 (1901), which under a fact situation nearly identical to the case at bar suggests that payment by a third party to a creditor on behalf of and at the express request of the debtor tolls the statute of limitations.

It is our opinion that the payments by Johnson which were credited to the Darrar account at his express direction were the same as voluntary payments on account by Darrar himself and that these payments on account removed the debt from the operation of the statute of limitations pursuant to I.C. § 5-238. Since the complaint in the present case was filed within four years after the last payment by Johnson, it was timely brought and was not barred by the statute of limitations.

Since no error appears in the trial court's holding that the action is not barred by res judicata or by the statute of limitations, the judgment of the district court is affirmed. Costs to respondent.

McQUADE, DONALDSON, SHEPARD, and SPEAR, JJ., concur.