# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41451

| | |
|---|---|
| **STILWYN, INC.,** ) | |
| ) | |
| **Plaintiff-Appellant-Cross Respondent,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **ROKAN CORPORATION, a Delaware** ) | |
| **corporation; ROKAN FINANCIAL** ) | |
| **SERVICES, LLC, a Delaware corporation;** ) | |
| **ROKAN PARTNERS, A LIMITED** ) | |
| **PARTNERSHIP, an Idaho limited** ) | |
| **partnership; ROKAN PROPERTY** ) | |
| **SERVICES, LLC, an Idaho limited liability** ) | |
| **company; ROBERT A. KANTOR, an** ) | |
| **individual; ANACONDA INVESTMENTS,** ) | |
| **LLC, a Delaware limited liability company;** ) | |
| **ANACONDA MANAGERS, LLC, a** ) | |
| **Delaware limited liability company;** ) | **Twin Falls, June 2015 Term** |
| **PORTFOLIO FB-IDAHO, LLC, a Delaware** ) | |
| **limited liability company; WALI** ) | **2015 Opinion No. 68** |
| **INVESTMENTS, LLC, an Idaho limited** ) | |
| **liability company; DAVID WALI, an** ) | **Filed: July 16, 2015** |
| **individual; MICHAEL PAGE, an individual;** ) | |
| **MICHAEL EDWARD PAGE TRUST;** ) | **Stephen W. Kenyon, Clerk** |
| **MICHAEL PAGE 2008 REVOCABLE** ) | |
| **TRUST; BRYAN FURLONG, an individual;** ) | |
| **JOHN SOFRO, an individual,** ) | |
| ) | |
| **Defendants-Respondents-Cross** ) | |
| **Appellants-Cross Respondents,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **IDAHO FIRST BANK, an Idaho corporation,** ) | |
| ) | |
| **Defendant-Respondent-Cross** ) | |
| **Appellant,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **GREGORY LOVELL, an individual,** ) | |
| ) | |

**Defendant,** )
)
**and** )
)
**JOHN DOES 1-20,** )
)
**Defendants.** )
_____ )

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Blaine County. Hon. Jonathan Brody, District Judge.

The judgment of the district court is vacated and the case is remanded.

Holland & Hart, LLP, Boise, for appellant. B. Newal Squyres argued.

Thomas Williams & Park, LLP, Boise, for respondent and cross-appellant Idaho First Bank. Daniel E. Williams argued.

Greener, Burke, Shoemaker, PA, Boise, for respondents and cross-appellants, Michael Page, Michael Edward Page Trust, Michael Page 2008 Revocable Trust, John Sofro, Bryan Furlong, Wali Investments, LLC, David Wali, Anaconda Investments, LLC, Anaconda Managers, LLC, Portfolio FB-Idaho, LLC, Rokan Corporation, Rokan Partners, A Limited Partnership, Rokan Property Services, LLC, Rokan Financial Services, LLC, and Robert A. Kantor. Thomas J. Lloyd III argued.

_____

J. JONES, Justice

Appellant, Stilwyn, Inc., brought suit against the Respondents in district court stating nine claims for relief arising out of a failed transaction to purchase an interest in a loan. The district court dismissed those claims, holding that they were barred by prior federal litigation involving Stilwyn, two of the Respondents, and the same failed transaction. It held the claims were barred by claim preclusion and because the claims were compulsory counterclaims in the federal litigation that were not asserted there. Stilwyn argues that the district court erred in both respects. Respondents cross-appealed to argue that the district court erred in failing to grant their requests for attorney fees. Respondents also request attorney fees on appeal.

## I.
## PROCEDURAL AND FACTUAL BACKGROUND

In May of 2007, the First Bank of Idaho made a loan to Stilwyn, Inc., in the amount of

9.5 million dollars. The loan was secured by a deed of trust encumbering Stilwyn's real property. Farmers National Bank later acquired a forty-two percent interest in the loan, while First Bank of Idaho retained a fifty-eight percent interest. In April of 2009, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for First Bank of Idaho when that bank failed. The FDIC put the bank's assets, including its interest in the Stilwyn loan, up for sale in a "bank-only" auction in September of 2009. As the name suggests, the auction was open only to banks, and bidders were prohibited from making arrangements to sell any assets that they acquired at the auction until the transaction with the FDIC closed. Idaho First Bank ("IFB") acquired the right to purchase the interest in the Stilwyn loan.

In early October of 2009, roughly a week after the auction, IFB and Anaconda Investments, LLC, entered into a loan purchase agreement in which IFB agreed to sell its interest in the Stilwyn loan. IFB purported to assign its interest in the loan to Anaconda on October 25. The FDIC notified IFB on October 27 that it would not proceed with the sale because it determined that IFB violated the bank-only auction rules by arranging to sell the interest in the Stilwyn loan before the purchase from the FDIC closed. The FDIC and IFB agreed to rescind the transaction and no documents relating to the loan were transferred to IFB. Nevertheless, in February of 2010, Anaconda purported to transfer the interest in the Stilwyn loan to another entity, Portfolio FB-Idaho, LLC, and Portfolio recorded the assignment.

In July of 2010, Anaconda and Portfolio filed a notice of lis pendens and a complaint against the FDIC in Idaho district court seeking a declaratory judgment as to their rights to the interest in the Stilwyn loan. The FDIC removed the case to the U.S. District Court for the District of Idaho.[1] In its answer, the FDIC stated two counterclaims against Anaconda and Portfolio: a claim for slander of title and a claim under 12 U.S.C. section 1825(b)(2), which provides that "[n]o property of the [FDIC] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FDIC], nor shall any involuntary lien attach to the property of the [FDIC]." In September of 2010, Anaconda and Portfolio moved for summary judgment on their declaratory judgment claim. A month later, the FDIC moved for partial summary judgment as to the violation of 12 U.S.C. section 1825(b)(2), but did not move for summary judgment as to its

---

[1] *Portfolio FB-Idaho, LLC v. F.D.I.C.*, No. 1:10-CV-377-BLW (D. Idaho). The federal court had subject matter jurisdiction pursuant to 12 U.S.C. section 1819(b)(2)(A), which provides that, subject to exceptions not relevant here, "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States."

slander of title claim.

On December 3, 2010, just a week prior to the hearing on the cross motions for summary judgment, Stilwyn moved to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, with permission of the court under Rule 24(b). Stilwyn argued that it had the right to intervene as a defendant because its property was encumbered by the loan and because Farmers National Bank intended to purchase the interest in the Stilwyn loan from the FDIC and, if it was successful in doing so, had agreed with Stilwyn to restructure the terms of the loan. As required by Rule 24(c), Stilwyn filed a proposed pleading with its motion, which answered the complaint, but did not assert any counterclaims. Over the objections of Anaconda and Portfolio, the district court held that Stilwyn was entitled to intervene as a defendant under Rule 24(a)(2). Stilwyn then filed its answer to the complaint and its opposition to the plaintiffs' motion for summary judgment.

The district court ruled on the cross motions for summary judgment on February 13, 2011. *Portfolio FB-Idaho, LLC v. F.D.I.C.*, No. 1:10-CV-377-BLW, 2011 WL 573793 (D. Idaho Feb. 13, 2011). The court denied the plaintiffs' motion for summary judgment, holding that because IFB breached the terms of the bank-only auction the FDIC properly refused to close the sale, and that IFB never obtained any interest in the loan and had no interest to transfer to Anaconda, which had no interest to transfer to Portfolio. *Id*. at *4–7. For the same reason, the district court granted the FDIC's partial motion for summary judgment. *Id.* The court then set a date for trial on the FDIC's slander of title counterclaim.

On May 31, 2011, Stilwyn filed a "Motion to Confirm Status as a Party to Slander of Title Counterclaim." The motion asked the court to "confirm [Stilwyn's] status as a party counterclaimant with respect to the pending counterclaim for slander of title and for all purposes of this litigation." In support of its motion, Stilwyn argued that it had "actively pursued" the slander of title counterclaim without objection from any party. Anaconda and Portfolio opposed the motion, arguing that Stilwyn represented in its motion to intervene that it was doing so exclusively to defend against the declaratory judgment action, that Stilwyn did not state a counterclaim in its pleading, and that the deadline for amending the pleadings had passed. The district court never ruled on Stilwyn's motion, which was withdrawn on June 13, 2011. According to Stilwyn, it withdrew its motion to "pursue its remedies in another forum to avoid issues regarding its claims, the parties that are potentially liable for the damages it has incurred

4

based on such claims, and its ability to collect such damages as may be awarded." Stilwyn stated that it did "not intend to participate further in this case related to the slander of title counterclaim but [would] continue to protect and defend its interests related to Plaintiffs' claims that were the subject of [the court's order on the cross motions for summary judgment]."

On June 24, Anaconda, Portfolio, and the FDIC jointly submitted a stipulation for dismissal of the FDIC's slander of title claim pursuant to Federal Rule of Civil Procedure 41(a)(1). In that stipulation, "[t]he Parties acknowledge that the Court's [order on the cross motions for summary judgment] resolved all other claims among the parties and stipulate and agree that the [FDIC's] slander of title claim be dismissed with prejudice as the matter has been settled and resolved to the parties' satisfaction." The stipulation was signed by attorneys for Anaconda, Portfolio, and the FDIC, but not Stilwyn. The district court granted the stipulation and dismissed the case in its entirety, noting that its order addressing the cross motions for summary judgment and its order granting the stipulation for dismissal had jointly resolved all claims in the case.

On September 28, 2011, Stilwyn filed suit in Idaho district court against six individuals and various business entities. The complaint alleges that Gregory Lovell, Robert A. Kantor, Michael Page, David Wali, Bryan Furlong, and John Sofro conspired to circumvent the bank-only auction rules to acquire the interest in the Stilwyn loan.[2] Kantor, Page, Wali, Furlong, and Sofro allegedly contributed financing and worked with Lovell, the President of IFB, to arrange and coordinate IFB's bid at the bank-only auction. In exchange, IFB allegedly agreed to sell the interest in the loan to Anaconda for 105% of its bid. The complaint names IFB, Anaconda, and Portfolio as defendants, and claims that the latter two entities were created with the purpose of facilitating the purchase of the interest in the Stilwyn loan. According to the complaint, the remaining business entities named as defendants—Rokan Corporation, Rokan Financial Services, LLC, Rokan Partners, A Limited Partnership, Rokan Property Services, LLC, Michael Edward Page Trust, Michael Edward Page 2008 Revocable Trust, Anaconda Managers, LLC, and Wali Investments, LLC—were used to finance and facilitate the transaction, and are closely related to one another, to Anaconda and Portfolio, and to Kantor, Page, Wali, Furlong, and Sofro. The complaint states nine "claims for relief":

---

[2] In June of 2012, Gregory Lovell was dismissed from the case without prejudice because Stilwyn failed to timely serve him with a summons and complaint.

1. interference with prospective economic advantage;
2. abuse of process;
3. defamation;
4. slander of title;
5. disregard of corporate identity;
6. fraudulent transfer;
7. aiding and abetting—acting in concert;
8. spoliation; and,
9. estoppel/quasi-estoppel/judicial estoppel.

IFB moved for summary judgment in March of 2013, making three arguments. IFB argued that Stilwyn's claims were barred by res judicata, specifically, claim preclusion, as a result of the federal litigation. IFB argued that Stilwyn's claims were compulsory counterclaims in the federal litigation and, because it did not bring them there, Stilwyn was barred from bringing them elsewhere. Last, IFB argued that the claims fail as a matter of law on their merits. Rokan Corporation and Rokan Partners independently filed a joint motion for summary judgment making substantially the same arguments as IFB and relying primarily on IFB's memorandum in support of its motion for summary judgment. The remaining defendants joined IFB's motion for summary judgment.

On July 23, 2013, the district court issued a memorandum decision granting the defendants' motions for summary judgment, holding that Stilwyn's claims were compulsory counterclaims in the federal litigation and Stilwyn was barred from bringing them elsewhere, and that Stilwyn's claims were barred by claim preclusion. It entered judgment dismissing all of Stilwyn's claims with prejudice on September 12, 2013. Stilwyn promptly filed a notice of appeal.

The defendants separately moved for an award of costs and fees on the ground that Stilwyn pursued its claims unreasonably and without foundation. The district court denied attorney fees as to all defendants.[3] It found that, though Stilwyn's claims were barred, it was not obvious they were. The defendants timely filed notices of cross-appeal and argue that the district court abused its discretion in refusing to award fees below. The defendants also request fees on appeal. IFB submitted briefing as a Respondent and Cross-Appellant. The other Respondents and Cross-Appellants—Michael Page, Michael Edward Page Trust, Michael Page 2008 Revocable

---

[3] Gregory Lovell, who was dismissed from the case in June of 2012, requested fees for a second time, after having been denied fees just after he was dismissed from the case. The district court denied Lovell's request as well. Respondents do not argue that the district court erred in doing so.

Trust, John Sofro, Bryan Furlong, Wali Investments, LLC, David Wali, Anaconda Investments, LLC, Anaconda Managers, LLC, Portfolio FB-Idaho, LLC, Rokan Corporation, Rokan Partners, A Limited Partnership, Rokan Property Services, LLC, Rokan Financial Services, LLC, and Robert Kantor—have jointly submitted briefing.

Stilwyn makes a number of arguments on appeal. First, it argues that where a party fails to assert a counterclaim in prior litigation, claim preclusion does not bar that party from later bringing the claim as a plaintiff. Second, it argues that because no claims were asserted against it in the federal action, its claims were not compulsory counterclaims there. Third, it argues that even if claim preclusion did apply to the failure to assert counterclaims, the doctrine would not apply in this case because the federal action was merely a declaratory judgment action. Finally, it argues that there was no final judgment in the federal action for purposes of claim preclusion and that there was no privity between Anaconda, Portfolio, and IFB.

## II.
## ISSUES ON APPEAL

1. Whether the district court erred when it concluded that Stilwyn's claims were barred by claim preclusion.

2. Whether the district court erred when it concluded that Stilwyn's claims were barred because they were compulsory counterclaims not asserted in the federal action.

3. Whether the district court erred in denying attorney fees.

## III.
## STANDARD OF REVIEW

When reviewing a district court's grant of summary judgment, we use the same standard a district court uses when it rules on a summary judgment motion. *Jordan v. Beeks,* 135 Idaho 586, 589, 21 P.3d 908, 911 (2001). Summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho R. Civ. P. 56(c). All facts are viewed in the light most favorable to the nonmoving party. *R.G. Nelson, A.I.A. v. Steer,* 118 Idaho 409, 410, 797 P.2d 117, 118 (1990).

Whether claim preclusion or issue preclusion bars relitigation between the same parties of a prior litigation is a question of law upon which this Court exercises free review. *Lohman v. Flynn,* 139 Idaho 312, 319, 78 P.3d 379, 386 (2003). *Res judicata* is an affirmative defense and the party asserting it must prove all of the essential elements by a preponderance of the evidence. *Foster v. City of St. Anthony,* 122 Idaho 883, 890, 841 P.2d 413, 420 (1992).

*Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007).

## IV.

**DISCUSSION**

## A. The district court erred in concluding that Stilwyn's claims were barred by claim preclusion.

The district court concluded that all of Stilwyn's claims were barred by the claim preclusive effect of the federal litigation. Stilwyn argues that such conclusion rests on a misunderstanding concerning the doctrine of claim preclusion—that the doctrine applies to prevent a party who declined to assert any counterclaims in prior litigation from later asserting those claims in a separate action.[4]

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). *See also Puckett v. City of Emmett*, 113 Idaho 639, 642, 747 P.2d 48, 51 (1987) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.") (quoting Restatement (Second) of Judgments § 87 (1982)). Though the parties and the district court cite largely to this Court's cases, federal law governs the question whether claim preclusion bars Stilwyn's claims.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor*, 553 U.S. at 892. Only claim preclusion is at issue in this case. "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (internal quotation marks omitted). The doctrine "bars courts from hearing claims that should have been raised and resolved in earlier litigation between the same parties. This salutary rule is motivated by policies of avoiding repetitive litigation and conserving judicial resources." *Commc'ns Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1015–16 (9th Cir. 1999). "Claim preclusion is appropriate where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 899 (9th

---

[4] Stilwyn makes two additional arguments for the view that the district court erred in applying claim preclusion. First, Stilwyn argues that the so-called "declaratory judgment exception" to claim preclusion, according to which claim preclusion does not bar subsequent claims where the previous action sought only declaratory relief, applies in this case. Second, Stilwyn argues that there was no final judgment in the federal action for purposes of claim preclusion, and that Anaconda, Portfolio, and IFB were not in privity. Because we hold that claim preclusion does not prevent a defendant in the prior action from later bringing claims in a separate action, we need not address these alternative arguments.

Cir. 2001).

In support of its view that claim preclusion is inapplicable here, Stilwyn relies on this Court's decision in *Joseph v. Darrar*, 93 Idaho 762, 472 P.2d 328 (1970), in which the defendant, Darrar, argued that Joseph's claim was barred because Joseph had not asserted it as a counterclaim in prior litigation between the parties. *Id*. at 763–64, 472 P.2d at 329–30. We rejected that argument after concluding that claim preclusion "is not applicable to the litigation of counterclaims. Counterclaims are governed by I.R.C.P. 13(a) and 13(b)." *Id.* at 765, 472 P.2d at 331. Though we acknowledged that "a compulsory counterclaim which is not raised in an action cannot subsequently be pleaded in a second action," *id.*, we held that "this is a bar arising not from the concept of res judicata, but from I.R.C.P. 13(a) itself." *Id.* at 766, 472 P.2d at 332.[5] *Kootenai Electric Cooperative, Inc. v. Lamar Corporation*, 148 Idaho 116, 219 P.3d 440 (2009), further clarified this view of the relationship between res judicata and Rule 13. There, we held that where a party brought a permissive cross-claim pursuant to Idaho Rule of Civil Procedure 13(g), claim preclusion barred that party from later bringing related claims in a separate action. "A party need not bring a cross-claim that is permissive in nature but when the party brings and pursues such a claim to a conclusion, res judicata applies." *Id.* at 122, 219 P.3d at 446. By bringing a permissive cross-claim, and later attempting to assert related claims in a separate action, the party "sought to split its cause of action so as to obtain a further bite at the apple. A primary purpose of the claim preclusion doctrine is to prevent just such an occurrence." *Id.* What triggers the application of claim preclusion is the decision to bring and pursue a claim; a party who does so must either bring or lose all claims appropriately connected with the same transaction. Where a defendant asserts no counterclaim at all, claim preclusion does not operate to bar a later claim. Instead, the later claim is barred, if at all, by Rule 13(a).

Though federal law governs the application of claim preclusion in this case, the view of claim preclusion endorsed in *Joseph* and *Lamar* is not idiosyncratic. Restatement (Second) of Judgments § 22 (1982) provides that:

  (1) Where the defendant may interpose a claim as a counterclaim but he fails to do so, he

---

[5] Respondents correctly note that the claim in *Joseph* would have been a permissive counterclaim in the prior litigation. They argue that Stilwyn's claims here, by contrast, were compulsory counterclaims in the federal litigation. Though Joseph's counterclaims in the prior litigation would have been permissive, this Court did not rely on that fact in holding that the doctrine of claim preclusion was not relevant. *Joseph*, 93 Idaho at 766, 472 P.2d at 332. Instead, it relied on the proposition that, whether compulsory or permissive, the civil rules, and not claim preclusion, govern the failure to assert a counterclaim in prior litigation. *Id.*

is not thereby precluded from subsequently maintaining an action on that claim, except as stated in Subsection (2).

(2) A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if:

(a) The counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court, or

(b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.[6]

More importantly, federal courts have widely endorsed the same understanding of claim preclusion. *See*, *e.g.*, *Hathaway v. Ford Motor Co.*, 264 F. 952, 954 (9th Cir. 1920) (endorsing "the general rule that, in the absence of a statute otherwise providing, a set-off or counterclaim may or may not be pleaded at the election of the defendant, and that, unless it is pleaded, the right to sue upon it as an independent cause of action is not impaired by a judgment against the counter claimant"); *Int'l Ambassador Programs, Inc. v. Archexpo*, 68 F.3d 337, 341 (9th Cir. 1995) (applying Restatement (Second) of Judgments § 22 to hold that a party who could have, but did not, bring counterclaims during an arbitration proceeding was not barred from bringing those claims in a separate action); *Martino v. McDonald's Sys., Inc.*, 598 F.2d 1079, 1084 (7th Cir. 1979) ("For cases like this one, to which Rule 13(a) is inapplicable, . . . [w]hen facts form the basis of both a defense and a counterclaim, the defendant's failure to allege these facts as a defense or a counterclaim does not preclude him from relying on those facts in an action subsequently brought by him against the plaintiff.") (internal quotation marks omitted); *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1101–02 (10th Cir. 2007) (holding that a defendant who chooses not to bring counterclaims is not barred by claim preclusion from later bringing those claims as a plaintiff in a separate action). If Stilwyn asserted no claims in the federal litigation, res judicata does not operate to bar its claims.

IFB and the other Respondents suggest that Stilwyn asserted a claim in the federal litigation by joining the FDIC's slander of title counterclaim. Stilwyn filed a motion titled "Motion to Confirm Status as a Party to Slander of Title Counterclaim" on May 31, 2011. In support of its motion, Stilwyn emphasized the extent to which it had been involved in the federal litigation, and in particular in the litigation of the FDIC's slander of title counterclaim:

---

[6] Respondents do not argue that allowing Stilwyn to pursue its claims in the state action would "nullify the initial judgment or would impair rights established in the initial action."

Since its intervention, Stilwyn has filed briefs and supporting papers in opposition to Plaintiffs' pre-trial motions, filed briefs and supporting papers in opposition to Plaintiffs' Motion to Reconsider the Court's summary judgment decision, and in support of the FDIC's motion to enforce. After the Court's summary judgment decision, Stilwyn has actively pursued its rights against Anaconda under the slander of title claim, including participation in the status conference regarding that claim and setting a trial date, serving discovery requests, receiving discovery responses, noticing and taking depositions, all in preparation for the Court trial set for July 11, 2011. No party has objected to any of Stilwyn's pre-trial actions nor disputed Stilwyn's right or standing to prosecute the slander of title claim.

Anaconda and Portfolio opposed the motion, arguing that "the Answer filed by Stilwyn does not contain a single counterclaim against Plaintiffs," "Stilwyn's exclusive purpose in intervening was to defend against the claims in the Plaintiffs' Verified Complaint," not to pursue any counterclaims, and the deadline for amending the pleadings had long passed. (emphasis in original). They argued that there is no authority for the proposition that Stilwyn can pursue the FDIC's slander of title claim as if it were its own, but without pleading its own claim. On June 13, 2011, just two weeks after filing its motion, Stilwyn withdrew the motion.

Stilwyn, Anaconda, and Portfolio take precisely the opposite positions on appeal as they took in the federal action. Stilwyn argues that its motion to intervene indicated that it was doing so exclusively to defend against the declaratory judgment action, Stilwyn did not assert a claim in its pleading, and Stilwyn never moved to amend its pleading to assert any claim. Meanwhile, Anaconda and Portfolio, along with the other Respondents, emphasize the extent to which Stilwyn participated in the litigation of the FDIC's slander of title counterclaim and argue that such conduct was sufficient to render the FDIC's counterclaim as Stilwyn's counterclaim for purposes of claim preclusion.

There is no doubt that Stilwyn flirted with stating a counterclaim for slander of title and likely believed at some point in the federal litigation that the FDIC's slander of title counterclaim was its own. Nevertheless, Stilwyn asserted no claim in the federal litigation. Federal Rule of Civil Procedure 24(c) provides that "[a] motion to intervene must be served on the parties . . . [,] state the grounds for intervention[,] and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." "The purpose of the rule is not only to inform the court of the grounds upon which intervention is sought, but also to inform parties against whom some right is asserted or relief sought, so they may be heard before the court passes upon the application." *Int'l Bhd. of Teamsters, Chauffeurs, Stablemen & Helpers of Am., Local Union No.*

11

*523, of Tulsa, Okl. v. Keystone Freight Lines*, 123 F.2d 326, 328 (10th Cir. 1941). Courts have occasionally relaxed the requirement to submit a proposed pleading where the purpose of intervention and the claims and defenses the intervenor intends to pursue are made clear in the motion to intervene. *See*, *e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."). And, in some such cases, the proposed intervenor has been permitted to simply adopt the pleading of an existing party, without submitting its own pleading. *See*, *e.g.*, *Alexander v. Hall*, 64 F.R.D. 152, 156 (D.S.C. 1974). In such cases, though, the motion to intervene expressly stated an intention to pursue a claim or defense, or to adopt another party's pleading. There was no question that the court and the existing parties were aware of the basis and scope of intervention.

Here, there was a proposed pleading attached to the motion to intervene and that pleading was eventually filed by Stilwyn as its pleading in the action. It does not state any counterclaims against Anaconda or Portfolio, and never mentions the FDIC's slander of title claim, but merely responds to the declaratory judgment action and states certain affirmative defenses. Neither Stilwyn's motion to intervene nor its memorandum in support of that motion provide any indication that Stilwyn was attempting to intervene to bring claims of its own against Anaconda or Portfolio, or to "adopt" the FDIC's slander of title counterclaim. Rather, Stilwyn attempted to intervene as a defendant "to provide further analysis of the facts and provide the legal basis to support the rejection of Plaintiff's claims to any rights against Stilwyn and its property." Respondents do not cite any authority for the proposition that an intervenor who submits a pleading that does not state any counterclaims, and whose motion for intervention does not in any way reflect an intention to pursue any counterclaims, might nevertheless "adopt" another party's counterclaim as its own through its conduct and without any action by the court. Because intervention is permitted so that a non-party can protect specific interests, "even an intervenor of right . . . does not have an unlimited right to participate in every aspect of the litigation." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1239 (10th Cir. 2012). Rather, a party is allowed to participate in the role identified by the court and to protect the specific interests identified by the court. In its order permitting Stilwyn to intervene, the federal district court focused exclusively on allowing Stilwyn to intervene to defend against the declaratory judgment action. The court permitted Stilwyn to intervene "as a Defendant" because it had "significant protectable interests," and

12

nowhere suggested that it was granting the motion to intervene so that Stilwyn could pursue its own claims.

The FDIC, Anaconda, and Portfolio eventually stipulated to the dismissal of the slander of title claim pursuant to Federal Rule of Civil Procedure 41(a)(1). That rule permits a plaintiff to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." After accepting that stipulation, and having already resolved the declaratory judgment claim on summary judgment, the district court determined that there were no other claims remaining in the case. The FDIC, Anaconda, and Portfolio could not stipulate to the dismissal of any claim that Stilwyn had in the case. Because Stilwyn did not sign the stipulation for dismissal, the FDIC, Anaconda, and Portfolio must not have believed that Stilwyn was a party to the FDIC's slander of title claim. Likewise, because the district court dismissed the FDIC's slander of title claim without Stilwyn's consent, and determined that there were no other claims in the case, the district court must not have believed that Stilwyn had any claims in the case. *See Wheeler v. Am. Home Products Corp. (Boyle-Midway Div.)*, 582 F.2d 891, 896 (5th Cir. 1977) (holding that dismissal pursuant to Rule 41(a)(1) was improper because an intervenor, who did not sign the stipulation, had claims remaining in the case).

Stilwyn asserted no claims in the federal action. As a result, claim preclusion does not prevent it from asserting claims in a subsequent action. Although Stilwyn took a step toward the precipice of asserting a claim, it stepped back before it was adversely affected by that action.[7]

**B. The district court erred in concluding that Stilwyn's claims were compulsory counterclaims in the federal litigation.**

The district court's memorandum decision includes a brief section titled "Claim Preclusion," but it was addressed to the application of Federal Rule of Civil Procedure 13(a). In its entirety, that section reads:

> Federal Rule of Civil Procedure 13(a) states that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." I.R.C.P. 13 is essentially identical. Here, the Plaintiff argues that they raised no claim, and were not required to so [sic] by Federal Rule of Civil Procedure 13(a), compulsory counterclaims. However, they

---

[7] Had Stilwyn successfully pursued its motion and litigated the slander of title claim to a conclusion, we would be confronted with an entirely different situation.

should have raised claims and arguably did, and are barred from raising claims here. The court appears to have concluded that all of Stilwyn's claims were barred because they should have been asserted as compulsory counterclaims in the federal action. Though it is somewhat unclear from the district court's decision, that conclusion seems to be independent of its analysis addressing the application of claim preclusion. The conclusion that Stilwyn's claims were barred by the compulsory counterclaim rule is error.

Stilwyn does not deny that "the failure to plead a Rule 13(a) counterclaim in a federal action will prevent the pleader from subsequently bringing a separate action on that claim in state court." *Schoeman v. New York Life Ins. Co.*, 726 P.2d 1, 5–6 (Wash. 1986). *See also Nottingham v. Weld*, 377 S.E.2d 621, 623 (Va. 1989) (holding that "the forum court must look to the original court's construction of its compulsory counterclaim rule, and accord it full faith and credit"); *McDonald's Corp. v. Levine*, 439 N.E.2d 475, 483–84 (Ill. App. Ct. 1982) (applying Fed. R. Civ. P. 13(a) to hold that a state district court properly dismissed claims which should have been asserted as compulsory counterclaims in a prior federal action). Instead, Stilwyn makes two arguments in support of its position that the district court erred in concluding that its claims in the state action were compulsory counterclaims in the federal action. First, Rule 13(a) requires a party to bring certain claims "as counterclaims." Because "the existence of a counterclaim presupposes the existence of a claim against the party required to make the counterclaim," the rule would apply, according to Stilwyn, only if some other party had first asserted a claim against it. Second, the rule requires a pleader to assert certain claims the pleader "has against an opposing party." A party is "opposing" with respect to the prospective counterclaimant, according to Stilwyn, only if that party first asserted some claim against the prospective counterclaimant. Stilwyn argues that because no claims were asserted against it in the federal action, its claims would not have been counterclaims in the federal action, much less compulsory counterclaims, and there were no opposing parties for purposes of Rule 13(a) against whom Stilwyn might be required to assert a counterclaim.

Respondents argue that by virtue of its intervention as a defendant, the declaratory judgment action was as much against Stilwyn as against the FDIC, and Anaconda and Portfolio were opposing parties as against Stilwyn for purposes of Rule 13(a). Respondents also argue that the remaining defendants in the state action were "opposing parties" for purposes of Rule 13(a) by virtue of their close relationships with Anaconda and Portfolio.

14

We hold that Rule 13(a) does not bar Stilwyn's claims because, as against Stilwyn, there was only a declaratory judgment action at issue in the federal litigation. With respect to the application of claim preclusion, federal courts have widely endorsed the so-called "declaratory judgment exception," according to which

> [a] valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared, and, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action.

Restatement (Second) of Judgments § 33 (1982). The exception provides that a declaratory judgment action triggers issue preclusive, but not claim preclusive effect. *See*, *e.g.*, *Allan Block Corp. v. Cnty. Materials Corp.*, 512 F.3d 912, 916 (7th Cir. 2008) (recognizing that "there is an exception to res judicata for cases in which the only relief sought in the first suit is a declaratory judgment"); *Harborside Refrigerated Servs., Inc. v. Vogel*, 959 F.2d 368, 372 (2d Cir. 1992) ("Many jurisdictions recognize an exception to ordinary res judicata principles where, as here, the prior action involved only a request for declaratory relief. Under this exception, the preclusive effect of the declaratory judgment is limited to the subject matter of the declaratory relief sought."); *Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 549 (D.C. Cir. 1988) ("Where a party asks only for declaratory relief, courts have limited the preclusive effect to the matters declared, hence permitting a later action seeking coercive relief based on the same cause of action."). The exception is justified by the recognition that, while claim preclusion reduces litigation by requiring claimants to bring all of their claims related to the same transaction in a single action,

> judicial resources also are conserved by the availability of a declaratory judgment mechanism; the prompt and efficient use of that mechanism enables courts to clarify the legal relationships of parties before they have been disturbed thereby tending towards avoidance of full-blown litigation. It would frustrate this latter policy were parties required to bring, as part of a declaratory judgment action, all conceivable claims and counterclaims on pain of preclusion. The Second Restatement has weighed these competing policy rationales and concluded—sensibly, in our view—that, on balance, public policy is furthered rather than retarded by the ready availability of a no-strings-attached declaratory remedy that is simpler, faster, and less nuclear than a suit for coercive relief.

*Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 58 (1st Cir. 2008) (internal citations and quotation marks omitted).

As a number of courts have recognized, these same considerations also suggest that Rule

13(a) should not be applied to force a defendant to either bring or forfeit counterclaims where the plaintiff sought only a declaratory judgment. *See Allan Block Corp.*, 512 F.3d at 916–17; *Harborside Refrigerated Servs., Inc.*, 959 F.2d at 373. Like claim preclusion, "[t]he purpose of Rule 13(a) is to prevent multiplicity of litigation and to promptly bring about resolution of disputes before the court" by forcing a party to bring or lose related claims in a single action. *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010). But, like claim preclusion, the application of the compulsory counterclaim rule in cases involving only a request for a declaratory judgment would undermine the purpose of declaratory judgment actions—to provide a mechanism for the resolution of discrete questions of law without requiring the parties to engage in full-blown litigation. A defendant who is required to bring or lose counterclaims in a declaratory judgment action will bring them. A plaintiff who has had a claim for coercive relief stated against him must then bring related claims for coercive relief, even if the plaintiff was initially seeking only a declaratory judgment. *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 196–97 (2d Cir. 2010) (holding that where a plaintiff brought a claim for a declaratory judgment and the defendant counterclaimed for coercive relief, the plaintiff had to bring or lose all related claims for coercive relief). The likely result is that what would have been a simple declaratory judgment action blows up to involve all related claims for coercive relief.

Respondents argue that, even if there is such an exception to the normal operation of the compulsory counterclaim rule, it should not apply here. Courts that have endorsed the declaratory judgment exception to claim preclusion have limited its application to cases in which "the prior action involved *only* a request for declaratory relief." *Duane Reade, Inc.*, 600 F.3d at 196 (emphasis in original) (quoting *Harborside Refrigerated Servs., Inc.*, 959 F.2d at 372). *See also*, *e.g.*, *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 164 (4th Cir. 2008) ("Federal courts have consistently held that the declaratory judgment exception applies only if the prior action solely sought declaratory relief."). Respondents suggest that any exception to the operation of the compulsory counterclaim rule mirroring the declaratory judgment exception to claim preclusion should likewise apply only where the prior action involved only a claim for declaratory relief, while the federal litigation here involved the FDIC's slander of title claim.

Though the federal action included a claim for coercive relief, that claim did not involve Stilwyn. If the purpose of the declaratory judgment exception and the corresponding exception to

16

the compulsory counterclaim rule is to safeguard a mechanism whereby parties can resolve discrete issues regarding their rights and obligations while avoiding full-blown litigation between them, what is relevant to the application of the exceptions is whether nothing more than declaratory relief was at issue between the relevant parties. Portfolio, Anaconda, and Stilwyn can take advantage of the opportunity to clarify their rights via a declaratory judgment action even if, in the same action, the FDIC brings a claim for coercive relief against Anaconda and Portfolio. It makes little sense to require Stilwyn to transform what would have been merely a declaratory judgment action as between it, Anaconda, and Portfolio into full-blown litigation because the FDIC sought coercive relief as against Anaconda and Portfolio. There was precisely the same motivation to provide a mechanism for Anaconda, Portfolio, and Stilwyn to resolve their dispute via a declaratory judgment action in this case as there would have been had the FDIC not brought a slander of title claim.

The cases cited by Respondents for the proposition that the declaratory judgment exception does not apply where there is a claim for coercive relief are not to the contrary. They address situations in which the party attempting to invoke the declaratory judgment exception to claim preclusion stated a claim for coercive relief in the prior action. *See*, *e.g.*, *Laurel Sand & Gravel, Inc.*, 519 F.3d at 164 (holding that "the declaratory judgment exception is inapplicable" because the party attempting to employ the exception "sought both declaratory relief and an injunction" in prior litigation). Or, they concern situations in which the party attempting to invoke the declaratory judgment exception to claim preclusion had a claim for coercive relief stated against it in the prior action. *See*, *e.g.*, *Duane Reade, Inc.*, 600 F.3d at 196–97 (holding that where the defendant in a declaratory judgment action counterclaimed for coercive relief, the plaintiff in that action was obligated to bring all appropriately related claims and forfeited them by failing to do so). The cases do not address situations like this one, in which the party who is invoking the exception neither stated a claim for coercive relief, nor had a claim for coercive relief stated against it in the prior action.

Because the only relief sought in the federal action by any party to the action in Idaho district court was a declaratory judgment, and that claim was not even brought directly against Stilwyn, Stilwyn's claims are not barred by the compulsory counterclaim rule.

**C. The district court did not err in refusing to grant attorney fees below and Respondents are not entitled to fees on appeal.**

17

Following the entry of judgment in the district court, Respondents moved for attorney fees pursuant to Idaho Code section 12-121 and Idaho Rule of Civil Procedure 54(e), arguing that Stilwyn's claims were frivolous, unreasonable, and without foundation because claim preclusion clearly barred them. The district court rejected this argument, holding that, though Stilwyn's claims were barred by claim preclusion, it was not clear that they were, there were difficult questions concerning the application of claim preclusion, and Stilwyn's claims were not frivolous, unreasonable, and without foundation in light of those questions. Because we hold that the district court erred in dismissing Stilwyn's claims on summary judgment, Respondents are not the prevailing parties below and the district court did not err in denying their request for fees. Respondents also request fees on appeal under Idaho Code section 12-121. For the same reason, Respondents are not entitled to fees on appeal.

## V.
## CONCLUSION

We vacate the district court's orders dismissing Stilwyn's claims on summary judgment and remand for further proceedings. Respondents' requests for attorney fees on appeal are denied. Costs to Stilwyn.


Chief Justice BURDICK, and Justices EISMANN, W. JONES, and HORTON CONCUR.

18