133 Nev., Advance Opinion 114

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BOCA PARK MARTKETPLACE SYNDICATIONS GROUP, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. HIGCO, INC., A NEVADA CORPORATION, Respondent. | No. 71085  FILED DEC 28 2017 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court judgment following a bench trial in a breach of contract action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

*Affirmed.*

Hejmanowski & McCrea LLC and Charles H. McCrea, Las Vegas, for Appellant.

Garman Turner Gordon and Eric R. Olsen and Dylan T. Ciciliano, Las Vegas, for Respondent.

_____

BEFORE DOUGLAS, GIBBONS and PICKERING, JJ.

*OPINION*

By the Court, PICKERING, J.:

This is a commercial dispute over an exclusive use clause in a lease for space in a shopping center. The question presented is whether the doctrine of claim preclusion prevents a tenant from suing its landlord for contract damages after having won an earlier suit against the landlord for declaratory judgment, where both suits concern the same underlying facts. Ordinarily, claim preclusion bars a second suit seeking to vindicate claims

17-44729

that were or could have been asserted in the first suit. But the claim-preclusion doctrine makes an exception for declaratory judgment actions, which are designed to give parties an efficient way to obtain a judicial declaration of their legal rights before positions become entrenched and irreversible damage to relationships occurs. While a party may join claims for declaratory relief and damages in a single suit, the law does not require it. So long as the first suit only sought declaratory relief, a second suit for contract damages may follow. Also, in a case involving a continuing or recurrent wrong, a party may sue separately for after-accruing damages. We therefore reject the landlord's argument that the doctrine of claim preclusion requires reversal of the judgment awarding contract damages to the tenant and affirm.

I.

Appellant Boca Park owns a Las Vegas shopping center. In 2002, Boca Park entered into a 20-year lease with respondent Higco, Inc. The lease allowed Higco to operate a tavern in its leased space and included an exclusive use clause, by which Boca Park granted Higco "an exclusive for Boca Park I for a tavern and gaming, except for any tenants currently located in the center which allow gaming (i.e. Vons, Longs)." Based on the lease, Higco opened a tavern and installed slot machines for its patrons' use.

In late 2011 or early 2012, Higco learned that Boca Park had entered into a lease with a new tenant, Wahoo's Fish Tacos, and that Wahoo's had applied for a gaming license. On April 23, 2012, Higco sued Boca Park for declaratory relief. In its complaint, Higco alleged that Boca Park had leased space to Wahoo's, who had applied for a gaming license, and sought a judgment declaring that the Higco/Boca Park lease gave Higco the exclusive right to offer gaming in the shopping center.

Shortly after Higco filed its declaratory judgment complaint, Wahoo's obtained its gaming license and opened for business, competing with Higco by also offering slot-machine gaming. Higco did not amend its complaint to seek damages or injunctive relief, and the case was submitted to the district court on cross-motions for summary judgment. The district court decided the cross-motions in Higco's favor and entered declaratory judgment for Higco. The judgment declared that the "controlling lease is unambiguous, and . . . Higco has a right to an exclusive use both for tavern and for gaming in Boca Park I, except for any tenants offering gaming in Boca Park I as of November 5, 2002." Neither side appealed, and the declaratory judgment became final in December of 2012, less than nine months after the action began.

Despite the declaratory judgment, Boca Park continued to allow Wahoo's to offer slot-machine gaming. Higco protested that this breached the exclusive use clause in the lease, causing ongoing economic damages. The parties tried to settle their differences, to no avail, and in December 2014, two years after the declaratory judgment became final, Higco filed a second complaint against Boca Park. In this complaint, Higco sought damages from Boca Park for breach of contract and breach of the implied covenant of good faith and fair dealing.

Boca Park moved to dismiss, arguing that the doctrine of claim preclusion barred Higco's claims for contract damages because those claims could and should have been made in the earlier declaratory judgment action. The district court denied Boca Park's motion. A bench trial followed, in which the district court awarded Higco $497,000 in damages for Boca Park's breach of the exclusive use clause in Higco's lease. Boca Park appeals.

## II.

Claim preclusion makes a valid final judgment conclusive on the parties and ordinarily bars a later action based on the claims that were or could have been asserted in the first case. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008). Whether claim preclusion operates to bar this action for contract damages based on the final judgment Higco obtained in its earlier declaratory relief action presents a question of law that we review de novo. *G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev. 701, 705, 262 P.3d 1135, 1137 (2011).

### A.

Claim preclusion—or res judicata, as it formerly was called—is a policy-driven doctrine, designed to promote finality of judgments and judicial efficiency by requiring a party to bring all related claims against its adversary in a single suit, on penalty of forfeiture. *See Weddell v. Sharp*, 131 Nev., Adv. Op. 28, 350 P.3d 80, 83-85 (2015). Exceptions to the doctrine have been created to address situations in which barring a later-filed claim does not advance the doctrine's underlying policies or conflicts with a statutory scheme, constitutional rights, or the agreed-upon or stated limits of the first proceeding. *See* Restatement (Second) of Judgments § 26 (Am. Law Inst. 1982) (cataloging black-letter exceptions to the rule against claim-splitting that underlies claim preclusion). In *G.C. Wallace*, for example, we recognized an exception to claim preclusion where a statute-based summary eviction proceeding was later followed by an action for damages for unpaid rent. 127 Nev. at 703, 262 P.3d at 1136. By design, the summary eviction statutes provide an expeditious way for a landlord to regain possession of its property; requiring litigation of the related damage claims and potential counterclaims would frustrate, not promote, judicial efficiency. *See id.* at 705, 262 P.3d at 1137. So, we adopted the exception section 26(d) of the

SUPREME COURT
OF
NEVADA

(O) 1947A

Restatement makes to claim preclusion, where a statutory scheme contemplates multiple actions on related claims. *Id.* at 707, 262 P.3d at 1139 ("adjudication of a [later-filed damages] claim should not be precluded when it appears 'from a consideration of the entire statutory scheme that litigation, which on ordinary analysis might be considered objectionable as repetitive, [was] intended to be permitted'") (quoting Restatement (Second) of Judgments § 26 cmt. e); *see Five Star*, 124 Nev. at 1058, 194 P.3d at 716 (recognizing "a public policy exception to claim preclusion in cases involving a determination of paternity") (citing Restatement (Second) of Judgments § 19 cmt. e).

Similar to the split-claim exception recognized in *G.C. Wallace*, the Restatement (Second) of Judgments endorses an exception to claim preclusion where an action seeking a declaratory judgment is followed by a later action for damages or other coercive relief:

> When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant. The effect of such a declaration, under this approach, is not to merge a claim in the judgment or to bar it. Accordingly, regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.

Restatement (Second) of Judgments § 33 cmt. c.[1] Like the majority of courts that have addressed the claim-preclusive effect of declaratory judgments, *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 56-57 (1st

---

[1]In contrast, a declaratory judgment does have issue-preclusive effect as to "any issues actually litigated by [the parties] and determined in the action." Restatement (Second) of Judgments § 33.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Cir. 2008) (collecting cases); 18 James Wm. Moore et al., *Moore's Federal Practice* § 131.24[3] (3d ed. 2017) (same), we find the Restatement's reasons for a declaratory judgment exception persuasive and therefore hold that claim preclusion does not apply where the original action sought only declaratory relief.

Claim preclusion is inconsistent with the legislative scheme providing for declaratory relief. The Uniform Declaratory Judgments Act, which Nevada adopted in 1929 and codified in NRS 30.010 to 30.160, 1929 Nev. Stat., ch. 22, § 16 at 30, contemplates "that declaratory actions are to supplement rather than supersede other types of litigation." *See* Restatement (Second) of Judgments § 33 cmt. c. Thus, the Uniform Act, as adopted in Nevada, provides that "[f]urther relief based on a declaratory judgment or decree may be granted whenever necessary or proper." NRS 30.100. Although the statute permits a party to seek damages or other coercive relief in a declaratory action, it also allows a party to pursue a separate damages action based on the rights established by the declaratory judgment. *Id.* (providing that "application [for further relief] shall be by petition to a court having jurisdiction to grant relief"); *Principal Mut. Life Ins. Co. v. Straus*, 863 P.2d 447, 451 (N.M. 1993) (explaining that when the declaratory relief action is limited to a request for declaratory judgment, "[r]equests for damages may then be pursued by separate litigation as supplement relief" under provision similar to NRS 30.100); *Bankers & Shippers Ins. Co. of N.Y. v. Electro Enters., Inc.*, 415 A.2d 278, 285 (Md. 1980) (interpreting provision similar to NRS 30.100 as "expressly permit[ting] a party to bring one action requesting only a declaratory judgment and then to bring a separate action for further relief based on the rights determined by that judgment"); *Winborne v. Doyle*, 59 S.E.2d 90, 93-

94 (Va. 1950) (interpreting provision similar to NRS 30.100 to allow for further relief whether "by petition filed in [the declaratory relief action] or in a separate and independent action"). The statutory scheme providing for declaratory relief therefore is "antithetical" to claim preclusion, justifying an exception to its bar. Restatement (Second) of Judgments § 33 cmt. c; *cf.* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4415 (3d ed. 2016) (although courts should be cautious in applying exceptions to claim preclusion, "[s]pecial features of a statutory scheme also may suggest departure from ordinary rules of claim preclusion").

"A declaratory action is intended to provide a remedy that is simpler and less harsh than coercive relief . . . ." Restatement (Second) of Judgments § 33 cmt. c. It conserves judicial resources by providing a mechanism for courts "to clarify the legal relationships of parties before they have been disturbed thereby tending towards avoidance of full-blown litigation." *Andrew Robinson*, 547 F.3d at 58 (internal citations and quotation marks omitted); *see also Aronoff v. Katleman*, 75 Nev. 424, 432, 345 P.2d 221, 225 (1959) ("[A] declaratory judgment in essence does not carry with it the element of coercion as to either party. Rather, it determines their legal rights without undertaking to compel either party to pay money or to take some other action to satisfy such rights as are determined to exist by the declaratory judgment."). It would frustrate that purpose "were parties required to bring, as part of a declaratory judgment action, all conceivable claims and counterclaims on pain of preclusion," *Andrew Robinson*, 547 F.3d at 58, because "what would have been a simple declaratory judgment action [likely would] blow[ ] up to involve all related claims for coercive relief." *Stilwyn, Inc. v. Rokan Corp.*, 353 P.3d 1067, 1078

(Idaho 2015). Claim preclusion also conserves judicial resources by requiring parties to bring all related claims in a single action. *Five Star*, 124 Nev. at 1058, 194 P.3d at 715; *Andrew Robinson*, 547 F.3d at 58. But in weighing the competing policy concerns, we agree with the First Circuit that the Restatement "sensibly" concludes "that, on balance, public policy is furthered rather than retarded by the ready availability of a no-strings-attached declaratory remedy that is simpler, faster, and less nuclear than a suit for coercive relief." *Id.* at 58; *cf.* 18 Wright, Miller & Cooper, *supra*, § 4415 (observing that "[t]he values of repose and reliance [furthered by claim preclusion] are gained at the expense of denying any opportunity to litigate matters that . . . may involve valid rights to relief").

This case illustrates the utility of the declaratory judgment exception. Faced with an incipient dispute with Boca Park respecting the proper interpretation of the exclusivity provision in its lease, Higco sought only a declaration of the parties' rights in that respect. Higco has maintained (and Boca Park does not dispute) that it did not seek further relief in the first action because it believed that Boca Park would honor a judgment declaring the parties' rights under the lease agreement, avoiding the need for coercive relief and conserving judicial resources. *See* Restatement (Second) of Judgments § 33 cmt. c. ("[T]he declaratory plaintiff ought to be permitted to make a partial presentation of his side of the controversy, in the hope of preventing a full-blown claim from arising . . . ."). Start to finish, Higco's declaratory judgment action took less than nine months to reach final judgment. The current action, by contrast, has taken several years and a full-blown trial to resolve.

For the declaratory judgment exception to apply, the original action must have only sought declaratory relief. Restatement (Second) of

SUPREME COURT
OF
NEVADA

(O) 1947A

Judgments § 33 cmt. c ("When a plaintiff seeks *solely* declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant.") (emphasis added); *see also id.* cmt. d ("[A] pleader demanding money damages may also ask for a corresponding declaration. For res judicata purposes, the action should be treated as an adversary personal action concluded by a personal judgment with the usual consequences of merger, bar, and issue preclusion."). Thus, if the plaintiff stated a claim for coercive relief in addition to declaratory relief in the original action, the exception does not apply. *E.g., Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 164 (4th Cir. 2008) ("While it is true that courts have limited the preclusive effect of declaratory judgments, declaratory judgments have no limiting effect if coercive relief such as damages or an injunction is also sought."). Boca Park suggests that Higco expanded upon the relief it was seeking in the original action when it asserted in its summary judgment motion that Boca Park had already breached the lease. But "[a] contract may be construed [in a declaratory relief action] either before or after there has been a breach thereof." NRS 30.050. Thus, the fact that Higco characterized Boca Park's decision to allow Wahoo's to also offer slot-machine gaming in the shopping center as a breach of the exclusive use clause in the Boca Park/Higco lease is immaterial.

No doubt Higco could have amended its declaratory judgment complaint to state a claim for damages or other coercive relief. And, the district court could have declined to proceed on the declaratory relief action after Higco suggested that Boca Park had already breached the lease agreement. *See* NRS 30.080 ("The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise

Supreme Court
of
Nevada

(O) 1947A

9

to the proceeding."); *see* Restatement (Second) of Judgments § 33 cmt. c ("[T]he court whose discretion is invoked by a declaratory action has means of preventing abuse. The court should lean toward declining the action if another remedy, such as a coercive action on an existing claim, is plainly available and would have wider [claim preclusive] effects."). But neither of these eventualities materialized, probably because Boca Park did not include counterclaims in its answer or otherwise seek to expand the declaratory judgment action to address damages.[2] As Higco's original action sought only declaratory relief, the declaratory judgment exception to claim preclusion applies.

## B.

A second, independent ground exists for denying claim-preclusive effect to the declaratory judgment Higco won: "A judgment in an action for breach of contract does not normally preclude a plaintiff from thereafter maintaining an action for breaches of the same contract that consist of failure to render performance due after commencement of the first action." Restatement (Second) of Judgments § 26 cmt. g. When Higco sued Boca Park for declaratory judgment, Wahoo's had yet to offer slot-machine gaming in the shopping center. After Wahoo's obtained its gaming license and opened for business with slot-machine gaming, Higco could have

---

[2]This occurred in *Weddell v. Sharp*, 131 Nev., Adv. Op. 28, 350 P.3d 80 (2015), where we applied claim preclusion to bar the later-asserted claims by the defendant to a declaratory judgment action based on the answer and counterclaims he asserted to his litigation adversary's complaint for declaratory relief. The party against whom claim preclusion applied did argue that comment c to the Restatement (Second) of Judgments § 33 applied.

Supreme Court
of
Nevada

(O) 1947A

10

amended its complaint to add claims for contract damages or other coercive relief, but the law did not require that it do so.

### III.

Because the original action between the parties sought only declaratory relief, claim preclusion did not bar the second action. Accordingly, the district court properly denied Boca Park's motion to dismiss this action based on claim preclusion. Boca Park does not raise any other arguments regarding the validity or amount of the judgment. We therefore affirm.

_____, J.
Pickering

We concur:

_____, J.
Douglas

_____, J.
Gibbons

SUPREME COURT
OF
NEVADA

(O) 1947A